STATE of Maine

v.

**Thomas R. BILLADEAU.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1991.

Decided Oct. 7, 1991.

Michael Cantara, Dist. Atty. and David Gregory (orally), Alfred, for the State.

Jacob Apuzzo (orally), Kennebunk, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Thomas R. Billadeau appeals from the judgments of the Superior Court (York

County, *Delahanty, C.J.*) entered on jury verdicts finding him guilty of three counts of theft by misapplication of property in violation of 17–A M.R.S.A. § 358 (1983).[1] Billadeau contends that (1) the trial court erred by refusing to rule on his motion *in limine* to determine the admissibility of his criminal record prior to hearing his testimony; (2) he was deprived of a fair trial; (3) the sentences imposed and the order of restitution are illegal; and (4) the trial court erred in denying his motion for a judgment of acquittal on the ground that the evidence is insufficient to support the jury verdicts. We affirm the judgments of conviction and the order of restitution but vacate the sentences and remand to the Superior Court for the imposition of sentences in compliance with 17–A M.R.S.A. § 1256(8) (1983 & Supp.1990).[2]

## I.

Billadeau was employed as an independent contractor to manage the York branch office of the Goldberg Realty Group. He was authorized to open trust accounts in the form of repurchase certificates at a local bank. These certificates were purchased with funds received by the York office as earnest money deposits from buyers of real property. He could redeem the certificates in preparation for distribution pursuant to the parties' contracts at the close of each real estate transaction. Any alternative disposition of such funds in a particular case required a release by the parties to the contract or a final judgment reached by litigation. By the indictment returned against him, Billadeau was charged with one count of forgery and three counts of theft by misapplication of funds. After a hearing, the trial court

granted Billadeau's motion, pursuant to M.R.Crim.P. 8(d), to sever the trial of the forgery count from the remaining three counts contained in the indictment. Prior to the trial of the theft charges, Billadeau entered a plea of guilty to the charge of the Class D forgery in violation of 17–A M.R.S.A. § 703(2)(C) (1983 & Supp.1990) with a statutorily prescribed sentence of less than one year. 17–A M.R.S.A. § 1252 (1983 & Supp.1990). After a hearing, a judgment of conviction was entered and sentence was imposed on the charge of forgery. Billadeau's timely motion *in limine* seeking a determination by the trial court as to the admissibility of the forgery conviction in the present case was heard by the court after the State had rested its case. The court reserved its decision on the motion until it had heard the testimony of Billadeau. Billadeau did not testify and offered no evidence on his behalf. Judgments were entered and sentences imposed following the jury verdicts finding him guilty of the charged theft offenses. On two of the counts charged the court imposed concurrent six-year sentences, all but two years suspended, and four years probation. On the remaining count, Billadeau was sentenced to three years imprisonment, all but one day suspended, and two years probation with the execution of sentence on this count stayed until the last day of probation on the other two counts. Further, Billadeau was ordered within the period of probation to make restitution to Goldberg Realty Group in the amount of $55,000.

## II.

■ Billadeau first contends that it was reversible error for the court to defer its

---

1. 17–A M.R.S.A. § 358 provides in relevant part:
   A person is guilty of theft if he obtains property from anyone or personal services from an employee upon agreement, or subject to a known legal obligation, to make a specified payment or other disposition to a 3rd person or to a fund administered by himself, whether from that property or its proceeds or from his own property to be reserved in an equivalent or agreed amount, if he intentionally or recklessly fails to make the required payment or disposition and deals with the property obtained or withheld as his own.

2. 17–A M.R.S.A. § 1256(8) provides:
   No court may impose a sentence of imprisonment, not wholly suspended, to be served consecutively to any split sentence previously imposed or imposed on the same date, if the net result ... would be to have the person released from physical confinement to be on probation for the first sentence and thereafter be required to serve an unsuspended term of imprisonment on the 2nd sentence.

ruling on his motion *in limine* because his prior conviction of forgery was inadmissible as impeachment evidence. He argues that M.R.Crim.P. 12(c) and M.R.Evid. 609 demonstrate a strong preference for pretrial determination of the motion. He argues further that, although unrelated to the transactions at issue here, the fact that the conviction of forgery arose from and during the same period of his employment with the Goldberg Realty Group buttresses the preference for a pretrial determination that this evidence was inadmissible. It is clear from the language of M.R.Crim.P. 12(c)[3] and M.R.Evid. 609[4] that both the timing of the court's ruling on Billadeau's motion *in limine* and its determination as to the admissibility of the forgery conviction rested within the court's discretion. *See Gendron v. Pawtucket Mutual Ins. Co.*, 409 A.2d 656, 658–61 (Me.1979); 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 12.5 at 12–10–11. Rule 12(c) explicitly allows the trial court to reserve ruling on a motion *in limine*. *See State v. Chapman*, 496 A.2d 297, 303 (Me.1985).

Billadeau filed his motion *in limine* one week before the trial of this matter. We find nothing in the record, nor does Billadeau contend, that it was brought to the attention of the trial court until after the State had rested its case. The conviction of forgery fell within the province of Rule 609(a)(2).[5] In deferring the ruling on its admissibility the trial court made clear that the nature of Billadeau's testimony was crucial to the court's balancing of the probative value of the forgery conviction on Billadeau's credibility against any unfair prejudice to him. Billadeau neither testified nor made an offer of proof regarding the nature or importance of his testimony. Accordingly, in this case we cannot say the trial court abused its discretion in deferring its determination as to the admissibility of the forgery conviction pending Billadeau's testimony. *See State v. Pottios*, 564 A.2d 64, 65 (Me.1989).

### III.

Billadeau next contends that the State's misconduct deprived him of a fair trial. The record discloses that during the course of the investigation of this matter Billadeau had chosen not to respond to any inquiry by David Johnson, the investigating officer in this case. Without objection, the State in its direct examination of Johnson asked and received a negative response to questions whether at any time Billadeau

---

**3.** M.R.Crim.P. 12(c) provides in pertinent part:
The court may rule on the motion or continue it for a ruling at trial. In determining whether to rule on the motion or to continue it, the court should consider the importance of the issue presented, [and] the desirability that it be resolved prior to trial.... For good cause shown the justice or judge presiding at trial may change a ruling made in limine.

**4.** M.R.Evid. 609(a) provides:
For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence upon witness credibility outweighs any unfair prejudice to a criminal defendant or to any civil party.

**5.** M.R.Evid. 609, advisory committee's note to April 16, 1990 amend., Me.Rptr. 563–575 A.2d CIII–CIV states in applicable part:

The foregoing amendment [to 609(a) ] is for the purpose of further stressing that the only legitimate basis for admission of a prior criminal conviction under this rule is the inference that a person convicted of crime or of specific kinds of crimes might not be truthful in testimony....
The amendment also makes it clear that before admitting a criminal conviction of any witness under this provision, the court must balance the probative value of the conviction on the credibility of the witness against any unfair prejudice to a criminal defendant.... The state ... is not entitled to the protection of the balancing test contained in Rule 609....
....
Frequently the determination of the admissibility of convictions under this rule is crucial to the defendant's election to testify in his own behalf. In many cases this election will affect the entire trial strategy of the defense. The trial court should generally entertain a motion *in limine* to determine the admissibility of any prior convictions of the defendant before the trial or, at the latest, before the opening statements.

had told Johnson that he [Billadeau] thought he was entitled to the monies or had denied taking the monies. Both parties rested their respective cases at the close of Johnson's testimony. On the following day, during the course of the court's discussion with the parties of their proposed jury instructions and preceding the arguments in this case, the court instructed the State that in its argument to the jury "[y]ou cannot comment upon the fact that the Defendant didn't say anything to Detective Johnson." Billadeau does not contend that the State failed to observe the court's instruction to it. He raises the claim of error for the first time by this appeal that the effect of Johnson's testimony was to ask the jury to draw an adverse inference from Billadeau's silence thereby violating Billadeau's constitutionally guaranteed right not to be a witness against himself.[6]

When, as here, a claim of error, even one purporting to be of constitutional dimension, has not been appropriately preserved at trial, we review the claim for obvious error affecting substantial rights. *State v. Crocker,* 435 A.2d 58, 62 (Me.1981); M.R.Crim.P. 52(b). *See also* 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 52-2 at 52-5. "The particular circumstances, weighed with careful judgment, will determine whether the obviousness of the error and the seriousness of the injustice done to the defendant thereby are so great [that we] cannot in good conscience let the conviction stand." *State v. True,* 438 A.2d 460, 469 (Me.1981).

We recognize the implicit constitutional assurance that silence will carry no penalty. At no time did Billadeau direct the trial court's attention to the presently challenged testimony or seek any corrective measures by the court. The court, *sua*

sponte, instructed the State that no reference could be made to this testimony in the State's argument to the jury, thereby preventing any focusing of the jury's attention on the testimony. The challenged testimony had been elicited in the course of extensive direct examination of the witness, who was thereafter cross-examined at some length. In the particular circumstances of this case we conclude that the now complained of error was not so obviously wrong and so highly prejudicial as to require us to vacate the judgment in this case. *See State v. Robinson,* 496 A.2d 1067, 1072 (Me.1985).

### IV.

■ Billadeau next contends that the sentences imposed were illegal and that the court erred by ordering that he make restitution in the amount of $55,000 to the Goldberg Realty Group. The State concedes, and we agree, that it is plainly apparent on the face of this record that under the provisions of 17-A M.R.S.A. § 1256(8) the sentences imposed are illegal. Accordingly, we vacate the sentences. *See State v. Chapman,* 496 A.2d at 305-06. We find no merit, however, in Billadeau's argument that because the Goldberg Realty Group has pending litigation regarding the title to the earnest money deposits which are the subject of the charges against him, the possibility of recovery by the Goldberg Realty Group eliminates the basis for restitution. The ordered restitution is commensurate with costs borne by the Goldberg Realty Group as a result of Billadeau's unlawful conduct and is based on the facts in this case. Should the Goldberg Realty Group recover all or a portion of its losses through its pending litigation, Billadeau may seek relief pursuant to the provisions of 17-A M.R.S.A. § 1328(1) (1983).[7]

6. The fifth amendment to the United States Constitution provides, in pertinent part, "No person shall be ... compelled in any criminal case to be a witness against himself...." Art. I, § 6 of the Constitution of Maine recites in pertinent part that "[i]n all criminal prosecutions, the accused shall ... not be compelled to furnish or give evidence against himself...."

7. 17-A M.R.S.A. § 1328(1) provides:

> A convicted person, who has been sentenced to pay restitution [and who] has not inexcusably defaulted in payment thereof, may at any time petition the court which sentenced him for a revocation of any unpaid portion thereof. If the court finds that the circumstances which warranted the imposition of the restitution have changed, or that it would otherwise be unjust to require payment, the court may revoke the unpaid por-

■ Nor do we find any merit in Billadeau's challenge to the sufficiency of the evidence to support the jury verdicts. The jury heard evidence that Billadeau obtained someone else's money by his unauthorized withdrawals from the trust accounts, dealt with the money as his own by commingling it with his personal assets and intentionally or recklessly failed to dispose of the money as required by the real estate agreements. Based on this evidence the jury could rationally find beyond a reasonable doubt every element of the charged offenses. *State v. Barry*, 495 A.2d 825, 826 (Me. 1985). The trial court properly denied Billadeau's motion for a judgment of acquittal on the ground that the evidence was insufficient to support the verdicts.

The entry is:

Judgments of conviction and order of restitution affirmed. Sentences imposed are vacated.

Remanded to the Superior Court for the imposition of sentences in compliance with 17–A M.R.S.A. § 1256(8).

All concurring.

tion thereof in whole or in part, or modify the time and method of payment.