2003 ME 125

**STATE of Maine**

v.

**Kevin BRALEY.**

Supreme Judicial Court of Maine.

Argued: Sept. 9, 2003.
Decided: Oct. 24, 2003.

Michael E. Povich, District Attorney, Carletta M. Bassano, Deputy Dist. Atty., Mary N. Kellett, Asst. Dist. Atty. (orally), Ellsworth, for State.

Sophie L. Spurr, Esq. (orally), Blue Hill, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Kevin Braley appeals from his convictions in the Superior Court (Hancock County, *Gorman, J.*) for burglary of a dwelling (Class B), 17–A M.R.S.A. § 401(1)(B)(4) (Supp.2002); theft (Classes B, C, and E), 17–A M.R.S.A. § 353 (Supp. 2002); attempted burglary of a dwelling (Class C), 17–A M.R.S.A. § 152(1)(C) (Supp.2002); and criminal mischief (Class D), 17–A M.R.S.A. § 806(1)(A) (1983 & Supp.2002).[1] Braley contends that the court committed obvious error when it denied without explanation his motion in limine and ruled that evidence of his prior burglary and theft convictions would be admissible if he testified. We agree, and vacate the judgment.[2]

## I. BACKGROUND

[¶ 2] Braley was charged with breaking into numerous Hancock County summer homes and stealing various antiques. At the time of his trial, Braley was on probation for burglary and theft convictions. Prior to trial, Braley filed a motion in limine seeking to exclude from evidence those prior convictions.

[¶ 3] The Superior Court denied Braley's motion in limine and indicated that if Braley chose to testify, the State would "be allowed to ask him if he [was] the person who was convicted of burglaries and thefts." In response, Braley informed the court that, because his testimony would result in the prejudicial disclosure of his prior convictions, he would not testify.

## II. DISCUSSION

[¶ 4] By not testifying, Braley failed to preserve the issue of the trial court's denial of his motion in limine and thus we limit our review to obvious error. *See State v. Gray,* 2000 ME 145, ¶ 23, 755 A.2d 540, 545 (citations omitted). We will

---

1. The versions of these statutes at the time of Braley's convictions were: 17–A M.R.S.A. §§ 401(1) & (2)(B) (1983); *id.* § 353; *id.* §§ 152(1) & (4); and *id.* § 806(1)(A) respectively.

2. Contrary to Braley's further contentions, the trial court did not abuse its discretion when it deferred its ruling on his motion in limine until the end of the State's case, *see* M.R.Crim. P. 12(c); *State v. Billadeau,* 597 A.2d 414, 416 (Me.1991), or commit obvious error in not declaring a mistrial *sua sponte* when the jury heard that Braley was on probation at the time of his arrest, *see State v. Chasse,* 2000 ME 90, ¶ 12, 750 A.2d 586, 590 (citing *State v. Berkley,* 567 A.2d 915, 921 (Me.1989)). Braley also has not demonstrated that he was entitled to an additional jury instruction concerning accomplice liability, because at trial he approved the court's instructions and never requested such additional instruction. *See Clewley v. Whitney,* 2002 ME 61, ¶ 8, 794 A.2d 87, 90.

vacate the trial court's judgment only if the "error deprived the party of a fair trial and resulted in a substantial injustice," *In re William S.*, 2000 ME 34, ¶ 8, 745 A.2d 991, 995 (citing *Nyzio v. Vaillancourt*, 382 A.2d 856, 863 (Me.1978)).

[¶ 5] Maine Rule of Evidence 609(a) governs impeachment by evidence of prior criminal convictions. Rule 609(a) was amended in 1990 to emphasize that it does not support the admission of prior convictions to "sustain an inference of substantive guilt ... with respect to any issue in the case." M.R. Evid. 609 Advisory Committee's note to 1990 amend., Me. Rptr., 563–575 A.2d CIII. The amended Rule 609(a) was meant to provide a stricter standard for admission in evidence of prior convictions. The rule is applied "most often to protect a criminal defendant who testifies in his own behalf." *Id.* at CIV. The Advisory Committee specifically cautioned:

> One instance in which the Court should give particular consideration to the risk of unfair prejudice is where a criminal defendant would be impeached with a prior conviction so similar to the offense charged that the jury might draw the improper inference that the defendant merely repeated prior criminal conduct.

*Id.* While the pre–1990 Rule based admissibility on whether "the probative value of this evidence outweighs the prejudicial effect to the defendant," *see id.* at CII, the current Rule provides:

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a specific crime is admissible but only if the crime (1) was punishable by death or imprisonment of one year or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence *upon witness credibility* outweighs *any unfair prejudice to a criminal defendant or to any civil party.*

M.R. Evid. 609(a) (emphasis added). We believe it significant that unlike Rule 403, Rule 609(a) does not require that the danger of unfair prejudice "substantially" outweigh the probative value of the evidence on witness credibility. It is enough that the unfair prejudice simply outweigh the probative value on credibility. *Compare* M.R. Evid. 609(a), *with* M.R. Evid. 403.

[¶ 6] We have upheld the propriety of a trial court's actions when, in a trial for theft and burglary, it excluded the defendant's prior convictions for theft but indicated that it would admit the defendant's prior convictions for the crimes of forgery and unsworn falsification should the defendant testify. *See Gray*, 2000 ME 145, ¶¶ 19, 22, 755 A.2d at 544, 545. The latter crimes were "probative as to the defendant's credibility, and were not so similar to the charges in the instant case as to be unfairly prejudicial." *Id.* ¶ 24 (citing *State v. Wright*, 662 A.2d 198, 201 (Me.1995)). Weighing the probative value of prior convictions against any unfair prejudice to the defendant is essential, especially when, as in *Gray* and here, at least some of the prior crimes are the same as the crimes charged. *See* M.R. Evid. 609 Advisory Committee's note to 1990 amend., Me. Rptr., 563–575 A.2d CIII–CIV.

[¶ 7] The record in this case reflects that the trial court denied Braley's motion in limine without explaining how it reached its conclusion. It is not clear on this record how evidence of Braley's prior convictions for theft and burglary may have been so probative on the issue of his credibility as to outweigh the obviously prejudicial effect that these convictions would have on the jury.

[¶ 8] When prior convictions are for the same crimes as those currently charged, there exists a serious risk that introduction of the evidence of those convictions will result in the jury treating the information as evidence of a predisposition to commit the crime charged. *See State v. Roy*, 385 A.2d 795, 797–98 (Me.1978). If a trial court in this situation fails to articulate the reasoning by which it balances the probative value concerning witness credibility against unfair prejudice, we are limited in our ability to review the court's decision to admit the prejudicial evidence. Because of the risk that impeachment by evidence of prior convictions of identical crimes will result in unfair prejudice to a criminal defendant, a court's Rule 609(a) analysis should be on the record.

[¶ 9] Because, in this case, the trial court did not explain the rationale behind its decision to permit the State to introduce evidence of Braley's previous convictions for identical crimes should Braley testify in his own defense, we are unable to evaluate whether the court engaged in a proper Rule 609(a) analysis. It is possible that a trial court in an appropriate case may find that the probative value of prior convictions for identical crimes on the credibility of the defendant outweighs any unfair prejudice. When, however, the trial court fails to articulate a Rule 609(a) balancing process on the record, but allows impeachment of a defendant with evidence of prior convictions for the same crime as the offense charged, the court denies the defendant a fair trial and thus commits obvious error.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.