2004 ME 57

**STATE of Maine**

v.

**Joshua BAIRD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 24, 2004.

Decided: April 27, 2004.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Schuyler Steele, Esq., Newport, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Joshua Baird appeals from judgments of conviction for trafficking in scheduled drugs (recited in judgment as Class C), 17–A M.R.S.A. § 1103(1) (1983 & Supp.2001),[1] and aggravated trafficking in scheduled drugs (Class C), 17–A M.R.S.A. § 1105(1)(A) (1983 & Supp.2001),[2] entered in the Superior Court (Penobscot County, *Mead, J.*) following a jury trial. Baird contends that the trial court improperly ruled that the State could impeach his credibility through the use of his prior convictions, and that the evidence does not support the jury's guilty findings. We are unpersuaded by Baird's contentions. We amend the judgment as to Count I, however, to reflect Baird's conviction for a Class D crime, and affirm as amended. We affirm the judgment as to Count II.

[¶ 2] Baird contends that the Superior Court erred by ruling that the State could use Baird's prior felony convictions for tampering with a witness, aggravated assault, theft, and burglary to be used by the State at trial to impeach his credibility if he chose to testify. Because Baird chose not to testify, and because the convictions are permitted to be used pursuant to M.R. Evid. 609, there was neither obvious error, nor abuse of discretion in the Superior Court's ruling. *See State v. Braley,* 2003 ME 125, ¶ 4, 834 A.2d 140, 141; *State v. Warren,* 661 A.2d 1108, 1111 (Me.1995). As to Baird's challenge to the sufficiency of the evidence, when viewed in the light most favorable to the State, the evidence was sufficient for a fact-finder to rationally find each element of the offenses charged beyond a reasonable doubt. *See State v. Bates,* 2003 ME 67, ¶ 19, 822 A.2d 1129, 1134; *State v. Barnard,* 2001 ME 80, ¶ 12, 772 A.2d 852, 857.

[¶ 3] We note that Baird was indicted on two counts of Class C aggravated trafficking in scheduled drugs. At trial, however, the jury returned a not guilty verdict on the charge of aggravated trafficking in Count I, and found Baird guilty of only the lesser included offense of trafficking. Because the evidence shows that Baird did not traffick more than a minimal amount of marijuana on October 6, 2002, the date relating to Count I, Baird's conviction on that count was actually for a Class D crime. *See* 17–A M.R.S.A. § 1103(2)(B)-(C) (1983 & Supp.2001).[3] Although Baird received a sentence on Count I reflecting a Class D conviction, the judgment of conviction should be amended to reflect the true classification of the crime for which he was convicted.

The entry is:

Judgment as to Count I is amended to reflect conviction for a Class D crime, and as amended is affirmed. Judgment as to Count II is affirmed.

---

1. This statute was amended after the commission of the charged crime by P.L.2001, ch. 383, § 114 (effective Jan. 31, 2003), *codified at* 17–A M.R.S.A. § 1103(1) (Supp.2003).

2. This statute was amended after the commission of the charged crime by P.L.2001, ch. 383, § 118 (effective Jan. 31, 2003), *codified at* 17–A M.R.S.A. § 1105 (Supp.2003).

3. This statute was amended after the commission of the charged crime by P.L.2001, ch. 383, § 116 (effective Jan. 31, 2003), *codified at* 17–A M.R.S.A. § 1103(2) (Supp.2003).