**STATE of Maine**

v.

**Joseph L. BOWMAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 4, 1996.
Argued June 11, 1996.
Decided Aug. 7, 1996.

Geoffrey A. Rushlau, District Attorney, Eric B. Morse (orally), Assistant District Attorney, Rockland, for the State.

James W. Strong (orally), Thomaston, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Joseph L. Bowman appeals from the judgment entered in the Superior Court (Knox County, *Marden, J.*) on a jury verdict finding him guilty of an assault on a corrections officer in violation of 17–A M.R.S.A. § 752–A (1983 & Supp.1995). He challenges, *inter alia,* the admission of testimony that he was competent to stand trial for the charged offense. We vacate the judgment.

The record reflects that in response to the charged offense Bowman entered a plea of not guilty and not criminally responsible by reason of insanity, 17–A M.R.S.A. § 39 (Supp.1995).[1] Bowman did not request a bifurcated trial. At the trial of this matter, in its case in chief, the State called as witnesses Anthony Prest and Burt Virgie. Both Prest and Virgie, *inter alia,* testified that on November 3, 1992, the date of the charged offense, they were corrections officers at the Maine State Prison where Bowman was incarcerated and that Bowman assaulted Prest by striking him several times in the face area and in the stomach. Bowman testified that he had no memory of the assault, that he believed a computer chip was implanted in his back during a 1990 surgical procedure, and that he has heard and continues to hear voices others cannot hear. Bowman also offered the testimony of Michael Tofani, Forrest Sherman and Paul Sobchuk, mental health experts who had examined Bowman. Each opined that Bowman suffered from a longstanding paranoid schizophrenia and described the manifestations of that condition. Bowman objected to the State asking Sherman whether Bowman was competent to stand trial. The court overruled the objection and the State then extensively cross-examined Sherman and later Sobchuk as to whether, in the opinion of each, Bowman was competent to stand trial.

1. 17–A M.R.S.A. § 39 (Supp.1995) provides in pertinent part:

1. A defendant is not criminally responsible if, at the time of the criminal conduct, as a result of mental disease or defect, he lacked substantial capacity to appreciate the wrongfulness of his conduct. The defendant shall have the burden of proving, by a preponderance of the evidence, that he lacks criminal responsibility as described in this subsection. 2. As used in this section, "mental disease or defect" means only those severely abnormal mental conditions that grossly and demonstrably impair a person's perception or understanding of reality. . . .

Following the close of Bowman's defense, the State presented Neil MacLean, the chief psychologist of the Maine State Forensic Service, as a rebuttal witness. On direct examination, the State elicited MacLean's opinion that Bowman was competent to stand trial. From the judgment entered on the jury's finding that Bowman was guilty of the charged offense, Bowman appeals.

■ Bowman contends that the trial court erred by permitting the State, on its examination of Sherman, Sobchuk, and MacLean, to elicit the opinion of each that Bowman was competent to stand trial. We agree. The trial court's "decision to admit or exclude evidence is reviewed for an abuse of discretion 'because the question of admissibility frequently involves the weighing of probative value against considerations militating against its admissibility.'" *State v. Case*, 672 A.2d 586, 588 (Me.1996) (quoting *State v. Robbins*, 666 A.2d 85, 87 (Me.1995) (citations omitted)).

■ The purpose of a competency hearing in a criminal proceeding is to allow the court to determine if the defendant "is capable of understanding the nature and object of the charges against him, comprehending his own condition in reference thereto, and cooperating with counsel to conduct a defense in a rational and reasonable manner." *State v. Lewis*, 584 A.2d 622, 624 (Me.1990) (citation omitted). Distinct from a factfinder's determination at the close of the trial of a case whether a defendant is guilty of the charged offense, it is for the court to determine the competence of the defendant to stand trial. *See* 15 M.R.S.A. § 101–B(4) (Supp.1995) (if after hearing on motion of defendant, or on court's own motion, the court finds defendant incompetent to stand trial, trial continued until defendant deemed by court competent to stand trial); *Lewis*, 584 A.2d at 623–24.

■ A defendant may suffer from a mental disease or defect within the purview of 17–A M.R.S.A. § 39 and remain competent to stand trial. *See Thursby v. State*, 223 A.2d 61, 67–68 (Me.1966) (Medical testimony that defendant was mentally ill at time of testifying refers to present ignorance of right from wrong, not incompetence to stand trial. Testimony of experts relating to insanity not sufficient to create doubt as to competence to stand trial.).

■ Here, because there was no dispute that Bowman had in fact assaulted Prest, the jury had before it two issues: (1) whether Bowman had, at the time of the commission of the offense, the required culpable state of mind;[2] and, if so, (2) whether Bowman, at the time of the commission of the offense, was criminally responsible. The State's extensive inquiry as to Bowman's competence to stand trial was not relevant to either of these issues and could only have led the jury to believe erroneously that Bowman's present competence to stand trial had some bearing on his mental state on the date of the commission of the charged offense. Accordingly, the challenged evidence should not have been admitted. Considering all the circumstances of this case, including the nature of the affirmative defense, we cannot say that the error in admitting this evidence was "harmless beyond a reasonable doubt." *State v. Begin*, 652 A.2d 102, 105 (Me.1995) (quoting *State v. Hassapelis*, 620 A.2d 288, 293 (Me.1993); *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 1437, 89 L.Ed.2d 674 (1986)). Because we vacate the judgment on the grounds stated herein, we need not address Bowman's remaining contentions.

The entry is:

Judgment vacated.

All concurring.

---

2. Because the evidence was sufficient to raise the issue, the court instructed the jury, pursuant to 17–A M.R.S.A. § 38 (1983), that they should "consider whether evidence of an abnormal condition of mind at the time alleged raises a reasonable doubt as to the existence of a required mental state."