1998 ME 49

**STATE of Maine**

v.

**Robert McKENNA.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 23, 1997.

Decided March 9, 1998.

David W. Crook, District Attorney, Alan P. Kelley, Dep. Dist. Atty., Augusta, for State.

Brian P. Winchester, Augusta, for defendant.

ROBERTS, Justice.

[¶ 1] Robert McKenna appeals from the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) after a jury trial convicting him of forgery in violation of 17–A M.R.S.A. § 703 (1983 & Supp. 1994). McKenna asserts that he was denied his constitutional right to confront a witness against him because that witness was intoxicated during much of his testimony, and a portion of that testimony was taken outside the jury's presence. McKenna asserts further that evidence concerning his participation in a prior incident involving forgery was improperly admitted against him. Finally, he asserts that there was insufficient

evidence to support the finding that he had the requisite intent to perpetrate forgery. Finding no merit in McKenna's arguments, we affirm the judgment.

[¶ 2] The owner of the checks cashed by McKenna began his testimony while in a heavily inebriated state. The victim appeared to be confused at several points during his testimony, occasionally responded inappropriately to the questions posed, and repeatedly requested that he be allowed to go home. When it became apparent that the victim could not participate constructively in the proceedings, the court suspended his testimony. The victim was held in the county jail until he was sufficiently sober to continue. The remainder of his testimony was then taken out of the jurors' presence and read back to them the next day. McKenna asserts that the victim's inebriation and the manner in which his testimony was taken effectively deprived McKenna of his constitutional right to confront a witness against him.

[¶ 3] A trial justice has considerable discretion in managing the conduct of the trial. Absent an abuse of discretion, which interferes with the rights of a party to a fair trial, we will uphold the trial court's decisions concerning the scope and manner of examination of witnesses. *State v. Rolls,* 599 A.2d 421, 422 (Me.1991); *see* M.R.Evid. 611(a) (allowing the court to exercise reasonable control over the mode of interrogating witnesses so as to make the interrogation effective for the ascertainment of truth and to avoid needless consumption of time); *see also* M.R.Crim. P. 15 (allowing the taking of a witness's testimony by deposition in a criminal trial if the witness is unable to attend or prevented from attending trial, the witness's testimony is material, and the witness's testimony is necessary to prevent a failure of justice).

[¶ 4] Neither party objected to the manner in which the court elected to proceed, and McKenna had a full opportunity to cross-examine the victim. Given the court's appropriate concern for avoiding a mistrial, the manner chosen was both necessary and within the court's discretion.

[¶ 5] McKenna asserts that the court erred by allowing the State to cross-examine him about a prior incident when he had cashed a forged check. The State represented to the court that it had evidence to prove that McKenna had previously received a stolen and forged check from one of the individuals involved in the present forgery case. The State requested that it be allowed to inquire about this past incident for the purpose of impeachment because McKenna had testified that he had no reason to believe that the victim's checks were forged. The State reasoned that, because he had received a forged check on a prior occasion from an individual involved in the present case, McKenna did have reason to suspect that on this occasion the victim's checks were forged.

[¶ 6] We review with deference the trial court's decision to admit evidence because questions of admissibility frequently involve the weighing of probative value against considerations militating against admissibility, in this instance, the potential for unfair prejudice to McKenna. *See State v. Bowman,* 681 A.2d 469, 471 (Me.1996). Given the representation made by the State, the court acted within its discretion in allowing the State to inquire about this prior incident for the purpose of impeachment.

[¶ 7] Finally, McKenna asserts that there was insufficient evidence to support the jury's finding that he had the requisite intent to defraud or deceive the victim.[1] The State presented evidence that McKenna cashed the four checks over a period of three weeks at three different locations, that he did not know the victim, and that the victim neither loaned him any money nor purchased anything from him. McKenna acknowledged all of this and further stated that he received a portion of the proceeds from the checks. The jury reasonably could have inferred from this circumstantial evidence that McKenna

---

1. 17-A M.R.S.A. § 703 provides in relevant part:
   1. A person is guilty of forgery if, with the intent to defraud or deceive another person or government, he:

A. Falsely makes, completes, endorses or alters a written instrument, or knowingly utters or possesses such an instrument[.]

did intend to defraud the victim. *State v. Marden,* 673 A.2d 1304, 1312 (Me.1996).

The entry is:

Judgment affirmed.

