2000 ME 90

**STATE of Maine**

v.

**Michael CHASSE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 25, 2000.

Decided May 17, 2000.

R. Christopher Almy, District Attorney, Michael P. Roberts, Deputy Dist. Atty., C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Randy G. Day, Garland, for defendant (on appeal).

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

DANA, J.

[¶ 1] Michael Chasse appeals from a judgment of the Superior Court (Piscataquis County, *Marden, J.*) following his conviction by a jury of robbery (Class A) in violation of 17–A M.R.S.A. § 651 (1983),[1] conspiracy to commit robbery (Class B) in violation of 17–A M.R.S.A. §§ 151 & 651 (1983),[2] aggravated assault (Class B) in violation of 17–A M.R.S.A. § 208 (1983),[3]

---

1. Section 651 of Title 17–A provides:

    **1.** A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:

    . . . .

    **D.** He intentionally inflicts or attempts to inflict bodily injury on another.

    . . . .

    **2.** Robbery as defined in subsection 1, paragraphs A and B, is a Class B crime. Robbery as defined in subsection 1, paragraphs C, D, and E, is a Class A crime.
    17–A M.R.S.A. § 651 (1983).

2. Section 151 of Title 17–A provides in relevant part:

    **1.** A person is guilty of conspiracy if, with the intent that conduct be performed which, in fact, would constitute a crime or crimes, he agrees with one or more others to engage in or cause the performance of such conduct.

    . . . .

    **3.** A person who conspires to commit more than one crime is guilty of only one conspiracy if the crimes are the object of the same agreement or continuous conspiratorial relationship.

    **4.** No person may be convicted of conspiracy to commit a crime unless it is alleged and proved that he, or one with whom he conspired, took a substantial step toward commission of the crime. A substantial step is any conduct which, under the circumstances in which it occurs, is strongly corroborative of the firmness of the actor's intent to complete commission of the crime; provided that speech alone may not constitute a substantial step.

    . . . .

    **7.** It is no defense to prosecution under this section that the person with whom the defendant is alleged to have conspired has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense, is not subject to prosecution as a result of immaturity, or is immune from or otherwise not subject to prosecution.

    . . . .

    **9.** Conspiracy is an offense classified as one grade less serious than the classification of the most serious crime which is its object, except that conspiracy to commit murder is a Class A crime. If the most serious crime is a Class E crime, the conspiracy is a Class E crime.
    17–A M.R.S.A. § 151 (1983).

3. Section 208 of Title 17–A provides:

    **1.** A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:

and burglary (Class B) in violation of 17–A M.R.S.A. § 401 (1983).[4] The court sentenced him to twelve years, eight years, four years and two years respectively, to be served concurrently. Chasse argues on appeal that the court denied him his constitutional right to testify on his own behalf, he was unduly prejudiced by his appearance before the jury in prison garb following his escape and capture during the trial, he was placed in double jeopardy by being convicted of both robbery and aggravated assault based on the same facts, the court abused its discretion by failing to grant his motion for a mistrial, and the evidence was insufficient to support his conviction of Class A robbery. Finding no error, we affirm.

## I. FACTUAL SUMMARY

[¶ 2] On February 25, 1997, Detective Sergeant Perry Antone responded to a call from a residence in Brewer that someone had been shot. When he arrived on the scene he found the homeowner on the lawn holding a gun. After securing the gun, he entered the house and found a man, later identified as Chasse, laying on the floor. He also found a knife on the floor just inside the doorway of the house.

[¶ 3] Chasse was eventually indicted on charges of robbery, conspiracy to commit robbery, aggravated assault and burglary stemming from the incident. On the fourth day of his jury trial, Chasse effected an escape that was captured on video by a local journalist. Chasse's attorney sought a continuance and a new trial based on Chasse's absence and his resulting inability to testify. The court, having viewed the video of the escape, determined Chasse's absence to be voluntary. The court delayed the proceedings for a couple of hours, but ultimately denied the motions for a continuance and a mistrial after conducting a voir dire of the jury and determining that they were not aware of the escape. The court also determined that Chasse had waived his right to testify by voluntarily absenting himself from the trial.

[¶ 4] The court instructed the jury that Chasse had elected to be absent from the trial and that the jury should accord this fact no weight whatsoever and the trial proceeded. Chasse's attorney called his last remaining witness who was a hostile witness. In the course of his testimony, the witness made reference to Chasse "run[ning] away." Chasse's attorney objected and the court instructed the jury to

----

....

> **B.** Bodily injury to another with use of a dangerous weapon.

....

**2.** Aggravated assault is a Class B crime. 17–A M.R.S.A. § 208 (1983).

4. Section 401 of Title 17–A provides in relevant part:

> **1.** A person is guilty of burglary if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein.
>
> **2.** Burglary is classified as:
>
> ....
>
> **B.** A Class B crime if:
> (1) The defendant intentionally or recklessly inflicted or attempted to inflict bodily injury on anyone during the commission of the burglary or an attempt to commit the burglary or in immediate flight after the commission or attempt;
> (2) The defendant was armed with a dangerous weapon other than a firearm or knew that an accomplice was so armed;
> (3) The violation was against a structure that is a dwelling place; or
> (4) At the time of the burglary, the defendant had 2 or more prior Class A, B or C convictions for any combination of theft or any violation of this section or section 651, 702 or 703 or attempts to commit any of those crimes. For purposes of this subparagraph, the dates of the prior convictions must precede the commission of the burglary by no more than 10 years, although both prior convictions may have occurred on the same date. This subparagraph does not apply if the 2 prior offenses were committed within a 3-day period. The date an offense was committed is presumed to be that stated in the complaint, information or indictment, notwithstanding the use of the words "on or about" or the equivalent.

17–A M.R.S.A. § 401 (1983 & Supp.1999).

disregard the statement. The attorney again moved for a mistrial, but the court denied the motion, noting that the jury was not even aware of the fact that Chasse had been in custody during the trial. With no more witnesses, both the State and Chasse's attorney rested.

[¶ 5] Later that day, while in conference with both attorneys, the court was informed that Chasse had been captured. Chasse's attorney moved to reopen the evidence. The court denied this motion, again finding that Chasse had waived his right to testify by absenting himself during the presentation of the evidence and noting its concern that if the trial were continued over the weekend, the jury could potentially become tainted by exposure to news of the escape.

[¶ 6] Court was reconvened late in the afternoon for closing arguments. Chasse was present. At Chasse's request the court again advised the jury that no inferences were to be drawn from a defendant's presence or absence in court in the course of a trial. Closing arguments were made and the court instructed the jury. At a bench conference following this, Chasse's attorney requested that the record reflect that his client was clad in prison garb. Nevertheless, the attorney made no objection to Chasse's attire at that time or previously, nor did he request a mistrial based on the attire.

[¶ 7] The jury returned a verdict of guilty on all charges and Chasse brought this appeal.

## II.  DISCUSSION

[¶ 8] Chasse's primary argument on appeal is that he was denied a fair trial because of circumstances resulting from his escape and capture. He argues that he was improperly denied his constitutional right to testify on his own behalf by virtue of the court denying: (1) his motion for a continuance during his absence from trial, (2) his motion to re-open the evidence once he was captured, and (3) his motion for a

mistrial based on his failure to testify stemming from his absence from the trial. He also argues that he was denied a fair trial by virtue of his appearance before the jury in prison attire during closing arguments despite his failure to object or seek a new trial at the time. Lastly, he argues that the court should have granted his motion for a mistrial following the statement of the hostile witness.

[¶ 9] Every defendant's right to testify on his or her own behalf is rooted in the Fourteenth Amendment's due process clause, the Sixth Amendment's compulsory process clause and the corollary to the Fifth Amendment's protection against compelled testimony. *See Rock v. Arkansas,* 483 U.S. 44, 51–52, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). However, it is within a court's discretion to continue a trial in a defendant's absence once it determines that the absence is voluntary and it affords the defendant an opportunity to explain the absence. *See* M.R.Crim. P. 43; *State v. Butler,* 674 A.2d 925, 927 (Me.1996) (finding no abuse of discretion when court continued trial despite defendant's absence and resultant failure to testify). The court was justified in its determination that Chasse had voluntarily waived his right to testify by absconding on the last day of trial and continuing the trial in his absence did not constitute a *denial* of the right to testify. Therefore its denial of his motion for a continuance at a time when his whereabouts was unknown was not an abuse of discretion.

[¶ 10] We likewise review rulings on motions to reopen evidence for an abuse of discretion. *See State v. White,* 460 A.2d 1017, 1023 (Me.1983) (noting factors to be considered when reviewing such motions). The reason for the tardiness of the offer of Chasse's testimony in this case, i.e., his escape from custody and subsequent capture, is not a proper justification. But for his capture, Chasse's absence and his implicit waiver of his right to testify would have been final. "The defendant's right to his day in court does not

permit him unilaterally to select whatever date his pleasure dictates." *State v. Staples,* 354 A.2d 771, 775 (Me.1976). Similarly, a defendant's right to testify does not entitle him to testify only when he sees fit, such as after the close of evidence and his return to custody. The court did not abuse its discretion by denying Chasse's motion to reopen the evidence following his capture.

[¶ 11] With respect to Chasse's motion for a mistrial based on his failure to testify, we have noted in similar circumstances "[i]f a mistrial were to be declared whenever the defendant voluntarily absented himself from trial, the defendant could, after evaluating the course of the proceedings against him, simply leave the courtroom whenever he anticipated an adverse verdict." *Id.* This statement is no less true simply because the defendant's absence also prevents him from taking the stand. Chasse cannot avoid the consequences of his voluntary absence from trial by declaring prejudice after the fact. The court did not abuse its discretion by refusing to declare a mistrial based on Chasse's voluntary unavailability for testimony during the presentation of evidence.

[¶ 12] Due to Chasse's failure to object or move for a mistrial, we review the trial court's failure to declare one *sua sponte* based in his appearance in prison garb for obvious error, determining whether the error, if any, is so great that we cannot in good conscience let his conviction stand. *See State v. Berkley,* 567 A.2d 915, 921 (Me.1989). The United States Supreme Court has noted that courts invalidating convictions based on a defendant's being tried in prison garb have generally required that the defendant at least invoke his or her right not to be so tried: " 'A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error.' " *Estelle v. Williams,* 425 U.S. 501, 508, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (quoting *Hernandez v. Beto,* 443 F.2d 634, 637 (5th Cir.1971)). The court further noted that the particular evil that such cases sought to deter was the practice of *compelling* a defendant to be tried in prison attire. *See id.* at 507, 96 S.Ct. 1691. We cannot say that the court committed obvious error by not declaring a mistrial on its own initiative because of Chasse being clad in prison clothes given that he did not object or seek a mistrial. *Cf. State v. Leavitt,* 625 A.2d 302, 306 (Me.1993) (court did not abuse its discretion by denying defendant's motion for a mistrial after jurors observed him in shackles and handcuffs despite the inability to issue a curative instruction due to the timing of the motion).

[¶ 13] Lastly, the court's refusal to grant a mistrial based on the statement of Chasse's hostile witness was not an abuse of discretion. "A justice's refusal to grant a mistrial represents an abuse of discretion only where there is a reasonable possibility that the objectionable evidence might have been a contributing factor productive of a guilty verdict," and "[o]nly where there are exceptionally prejudicial circumstances or prosecutorial bad faith will a curative instruction be deemed inadequate to eliminate the prejudice." *State v. Hilton,* 431 A.2d 1296, 1302 (Me.1981). The court took great precautions to insulate the jury from knowledge of Chasse's escape and the court issued a curative instruction following the isolated statement by the witness that we presume the jury followed, *see State v. Wood,* 662 A.2d 908, 912 (Me.1995) ("When reviewing the denial of a motion for a mistrial, we presume that the jury will follow a curative instruction."). Therefore, we cannot say that the court abused its discretion by failing to grant a mistrial following the witness's statement referring to Chasse running away.

[¶ 14] Chasse voluntarily chose to absent himself from his own trial. He cannot now come before this Court and seek a new trial based on his claims that the unavoidable consequences of that absence prejudiced him. Furthermore, the trial court

took great pains to protect the integrity of the trial in the face of threats to that integrity created by Chasse's own escape. We find no fault in how the trial was conducted in those adverse circumstances. We find Chasse's remaining arguments on appeal to be without merit.

The entry is:

Judgment affirmed.