2001 ME 144

**Ronald W. DOLLIVER Jr.**

v.

**Lisa A. DOLLIVER**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 2, 2001.

Decided: Oct. 19, 2001.

Gregory O. McCulloch, Sanford, for plaintiff.

Jack Hunt, Kennebunk, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Ronald W. Dolliver Jr. appeals from a judgment of the Superior Court (York County, *Brennan, J.*) affirming a judgment of the District Court (Springvale, *Janelle, J.*) which modified a previous order of shared parental rights and provided that Lisa Dolliver would have sole parental rights. Ronald Dolliver asserts that the District Court erred in: (1) considering conduct, including protection from abuse matters, which preceded a previous modification of the divorce judgment; (2) limiting him from using physical force in disciplining his child; (3) allocating responsibility for guardian ad litem and attorney fees incident to the proceeding; and (4) applying a time limit on evidence so as to bar him from testifying.

[¶ 2] Most of the actions of the District Court were based on its factfinding supported by the evidence and resulted in orders which do not exceed the broad range of the court's discretion in fashioning an order relating to parental rights that is in the best interests of the child. *See Fraser v. Boyer*, 1998 ME 253, ¶ 6, 722 A.2d 354, 355. We address only Ronald's contention that the District Court improperly applied a time limit on evidence to bar his testimony. We affirm the judgment of the District Court.

[¶ 3] When the Superior Court has acted as an intermediate appellate court in reviewing a judgment of the District Court, we review directly the judgment of the District Court. *Costa v. Vogel,* 2001 ME 131, ¶ 4, 777 A.2d 827, 828. The history of the case relating to application of the time limit on presentation of evidence is as follows:

[¶ 4] Ronald Dolliver and Lisa Dolliver were married in October of 1988. They were divorced on November 6, 1989, by the District Court (Springvale, *Crowley, J.*). Since then, there has been a considerable history of litigation, including a period of time in which the parties reconciled and lived together, several protection from abuse proceedings, and amendments to the original divorce judgment, all of which affected the parties' relationships with each other and parental rights regarding their child.

[¶ 5] In 1999, Lisa filed a motion to modify the divorce judgment, and both Lisa and Ronald filed motions to amend an outstanding protection from abuse order which affected parental rights and responsibilities. A hearing on Lisa's motion to modify the divorce judgment was scheduled for January 19, 2000. Before the hearing, a November 1999 pretrial order and a December 1999 notice of hearing had each specified a one-half-day time limit for the hearing. During the hearing, Ronald's attorney also indicated his recognition that the matter "was scheduled for a four hour hearing."

[¶ 6] From review of the transcript, it appears that the hearing on January 19 lasted approximately four hours and that a significantly greater portion of the time of this hearing was taken by Ronald's attorney presenting and questioning witnesses than was taken by Lisa's attorney presenting and questioning witnesses. On a number of occasions during the January 19 hearing, the trial court politely and discreetly warned the parties that time was limited and suggested that the testimony be moved along at points where questioning appeared particularly repetitive.

[¶ 7] While presenting several witnesses on January 19, Ronald's attorney made no attempt to call Ronald to testify. When the hearing testimony closed at the end of the day, after approximately four hours of testimony, the court indicated that it would hear counsel's closing arguments on January 21. Ronald's attorney agreed to scheduling of the closing arguments on the later date and did not express any intention to attempt to present Ronald as a witness. When the hearing reconvened for closing arguments two days later, Ronald's attorney, for the first time, asked the court to allow Ronald to testify. The court denied this request because the testimonial portion of the hearing had closed.

[¶ 8] On March 8, 2000, the District Court entered the order from which Ronald has filed this appeal.

## I. DISCUSSION

[¶ 9] Ronald's brief seriously mischaracterizes the District Court's actions when it complains that: "The District Court's impatient insistence to complete the hearing within four hours deprived Ronald of his right to testify." The record reflects that Ronald's attorney had plenty of opportunity to present Ronald's testimony and that, instead, the attorney elected to spend his available time presenting and questioning other witnesses. Further, Ronald's attorney made no objection when the testimonial portion of the hearing was closed and closing arguments were scheduled for two days later.

■ [¶ 10] A trial court has broad discretion to control the order and timing of presentation of evidence and to set and

enforce reasonable time limits on testimonial hearings. Trial court imposition of time limits receives explicit approval in M.R. Evid. 611(a), which states:

> (a) Control by Court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence on direct and cross-examination so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

*See also* Field & Murray, *Maine Evidence* § 611.1 at 300–02 (2000) (addressing trial court imposition and enforcement of time limits).[1] We have previously approved judicial application of evidence time limits in *Bradford v. Dumond,* 675 A.2d 957, 962–63 (Me.1996). We have also recently affirmed the trial court's capacity to reasonably control the order and manner of presentation of witnesses in *State v. McKenna,* 1998 ME 49, ¶¶ 3–4, 707 A.2d 1309, 1310, and *State v. Chasse,* 2000 ME 90, ¶ 10, 750 A.2d 586, 589–90.

[¶ 11] *Chasse* is particularly instructive for this case. During his trial for robbery and a number of related charges, Chasse escaped. The trial continued, however, and the evidence closed. The same day, after the close of the evidence, but before closing arguments, Chasse was recaptured and returned to the court. He then moved to reopen the evidence to allow him to testify. The trial court declined and we affirmed, noting the broad discretion allocated to trial courts on review of motions to reopen evidence. *Chasse,* 2000 ME 90, ¶ 10, 750 A.2d at 589 (citing *State v. White,* 460 A.2d 1017, 1023 (Me.1983)).

 [¶ 12] As we noted in *Chasse,* a party's right to testify "does not entitle him to testify only when he sees fit." *Id.* ¶ 10, 750 A.2d at 590. Ronald's attorney had ample opportunity to present him to testify during the testimonial portion of the hearing. He chose to take his time presenting and questioning other witnesses instead. The District Court did not abuse its discretion in refusing to reopen the evidence, extend the agreed upon time limit, and allow Ronald to testify at the time set aside for closing arguments.

The entry is:

Judgment affirmed.

---

1. Discussing application of M.R. Evid. 611(a), Field & Murray § 611.1 states:

   § 611.1 Control by Court Over Mode and Order of Interrogating Witnesses.

   Subdivision (a), in giving the court control over the mode and order of interrogating witnesses, reflects Maine law. Usually, these matters are determined by the parties, with the trial judge intervening only when asked to make a ruling or when something out of the ordinary occurs. There should, however, be no mistake about the broad sweep of the judge's power in pursuing the objective of effectively ascertaining the truth and avoiding needless consumption of time. The judge's exercise of discretion will be upheld on appeal unless he or she has clearly interfered with a party's right to a fair trial. Counsel left to their own devices often proceed at a pedestrian pace unsuited to times when court calendars are crowded and the costs of litigation to the parties and to the taxpayer are unreasonably high. It is the judge's duty to be firm in curbing time-wasting tactics.