2003 ME 100

**STATE of Maine**

v.

**Nathan TENNEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 9, 2003.
Decided: Aug. 1, 2003.

R. Christopher Almy, Dist. Atty., Bangor, for the State.

Christopher L. Dalton, Gilbert & Greif, Bangor, for the defendant.

Panel: SAUFLEY, C.J., and RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Nathan Tenney appeals from a judgment of conviction of robbery (Class A), 17–A M.R.S.A. § 651(1)(C) (1983), entered in the Superior Court, (Penobscot County, *Hjelm, J.*) following a jury trial. He argues that the court should have granted his attorney's motion for a continuance when he failed to appear for the trial after he had been present at jury selection. We affirm the conviction.

## I. BACKGROUND

[¶ 2] Tenney pled not guilty to a charge of robbery stemming from an incident in which he grabbed a bank deposit bag from a person. Jury selection was held on July 15, 2002. Tenney and his attorney appeared and participated in the selection process. Although the jury was selected, the opening statements and presentation of the evidence were not slated to begin until the morning of July 17. On that day, Tenney did not appear, and his lawyer was unable to contact him. At 3:15 P.M., after ascertaining that steps had been unsuccessfully taken in attempting to locate Tenney, the court sent the members of the jury home and told them to telephone the court the next morning for instructions. The court then made a record of the attempts that had been made by the prosecuting attorney and others to find Tenney. The district attorney's staff had contacted area hospitals and had called all law enforcement agencies in the area. The court discussed with the State and defense counsel other steps that could be taken to find Tenney. The court also issued a warrant for Tenney.

[¶ 3] The following morning the court met with the State and defense counsel to discuss the additional efforts that had been made to find Tenney after the jury was sent home the previous day. The prosecuting attorney had spoken to a relative of Tenney's and sent the police to check an address given by the relative, with no success. The defense counsel had again checked with the area hospitals and tried to telephone Tenney. The jails were contacted.

[¶ 4] The State requested to proceed with the trial in the absence of Tenney, and defense counsel requested a continuance until Tenney could be found. The State represented that an uncooperative witness was available for trial that day, but because of past problems with the witness, the State anticipated difficulty in presenting the witness if the trial were continued to another date. The court proceeded through a careful analysis, first finding that because of the extensive efforts made to locate Tenney, it was satisfied that he was voluntarily absent. The court found that the State would be prejudiced if the case were continued because of the difficulty in securing the presence of one of the witnesses, given that it would be at least a month before trial could be rescheduled. The defense counsel conceded that, for purposes of M.R.Crim. P. 43,[1] the trial had commenced, and the court agreed.

[¶ 5] The court ordered the trial to go forward in the absence of Tenney, and the jury was sworn. Several witnesses were called by the State and cross-examined by defense counsel who also presented two witnesses. The jury returned a verdict of guilty.

[¶ 6] Tenney was arrested on July 29, and a sentencing hearing was held on August 1. Defense counsel asked the court to refrain from considering Tenney's absence at trial as an aggravating factor. Tenney exercised his right of allocution and apologized for his participation in the robbery. In considering mitigating and aggravating factors, the court stated that Tenney's fail-

1. The first two sentences of M.R.Crim. P. 43 read:

The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury, and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for any offenses, the defendant's voluntary absence after the trial has been commenced in the defendant's presence shall not prevent continuing the trial to and including the verdict and imposition of sentence.

ure to appear at trial demonstrated irresponsibility and was an aggravating factor that outweighed mitigating factors. Tenney then asked the court if he could explain his absence at trial, and the court asked Tenney if he understood the sentence that had been imposed. Tenney answered in the affirmative, and the court then explained to Tenney his appeal rights. After asking generally if there was anything further in the matter and receiving a negative response from both the defense counsel and the prosecuting attorney, the court adjourned the proceeding.

## II.  DISCUSSION

[¶ 7] We review a court's decision to proceed with a trial in the absence of the defendant for an abuse of discretion. *State v. Chasse*, 2000 ME 90, ¶ 9, 750 A.2d 586, 589. Rule 43 of the Maine Rules of Criminal Procedure states that "the defendant's voluntary absence after the trial has been commenced in the defendant's presence shall not prevent continuing the trial to and including the verdict and imposition of sentence." The rule sets two prerequisites for proceeding with a trial in the defendant's absence: (1) the trial must have started while the defendant was present, and (2) the court must be satisfied that the defendant's absence thereafter is voluntary.

### A.  Commencement of Trial

[¶ 8] We have not been called upon previously to determine when a trial commences for purposes of Rule 43. In the context of determining when jeopardy attaches, we have held that a jury trial does not commence until the jury is sworn. *State v. Rowe*, 480 A.2d 778, 781 (Me.1984). However, the reason for having jeopardy attach when the jury is sworn has to do with the right of a defendant to a verdict from the jury that the defendant has cho-

sen, and that right is not implicated in ascertaining whether to proceed with a trial in the voluntary absence of a defendant. *United States v. Bradford*, 237 F.3d 1306, 1310 (11th Cir.2001).

[¶ 9] The Court of Appeals for the First Circuit held that, for purposes of FED. R. CRIM. P. 43, the trial begins with jury selection because it is an "essential" part of trial and because to hold otherwise would frustrate the purposes of the rule. *United States v. Miller*, 463 F.2d 600, 603 (1st Cir.1972). M.R.Crim. P. 43, like its federal counterpart, includes jury selection as a "stage" of the trial in that it states that the presence of the defendant is required "at every stage of the trial proceeding including the impaneling the jury." Because the rule itself treats jury selection as an integral part of the jury trial process, we hold that for purposes of Rule 43, a trial has been commenced in the presence of the defendant when the defendant is present at jury selection.

### B.  Voluntary Absence

[¶ 10] In order to find that a defendant's absence was voluntary, we have said that a court must conduct an inquiry. *State v. Staples*, 354 A.2d 771, 776 (Me.1976). Here the court received information from the State and the defense counsel regarding the efforts that each had made to find Tenney. The court knew that the area hospitals had been called as well as the jails and law enforcement agencies. The court sent the jury home for the day and counseled the State to take additional steps to locate Tenney. The court met with counsel the following morning to learn that the additional efforts, which included contacting one of Tenney's relatives, had not borne fruit.

[¶ 11] The court properly weighed the harm that would come to the State if the

case did not proceed as scheduled with Tenney's right to be present for trial. *See Bradford*, 237 F.3d at 1312–13. It considered the length of time before the case could be rescheduled and the State's representation regarding a problem with a witness. After examining all these factors, the court decided to proceed with the trial in Tenney's absence. It did not abuse its discretion in going forward with the trial.

## C. Opportunity to Explain Absence

[¶ 12] Tenney's final point on appeal is that he should have been given an opportunity to explain his absence at the sentencing. Tenney was given the opportunity to speak before sentence was imposed, and he did so. Before he spoke there had been mention of his absence at trial and whether that could be considered a mitigating factor. Nonetheless, when Tenney addressed the court, he said nothing about his trial absence or where he had been. Once sentence was imposed and the court stated that Tenney's absence was a factor that it considered in determining the length of the sentence, then Tenney asked if he could explain why he was absent. It is not clear from the transcript whether the court heard his question because the court's only response was to ask Tenney if he understood the sentence. Nothing further was said by anyone about explanations of absence in spite of a general request, "Is there anything further?" by the court. Because Tenney had the opportunity to make any explanation before sentence was imposed, we find no abuse of discretion in failing to allow Tenney to speak further after sentence was imposed.

The entry is:

Judgment affirmed.