2007 ME 133

**Alice GEARY**

v.

**Theodore R. STANLEY et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 13, 2007.

Decided: Sept. 18, 2007.

---

C. Donald Briggs III, Alison Wholey Mynick, Briggs & Counsel, Rockland, for plaintiff.

Thomas V. Laprade, Lambert Coffin; Byrne J. Decker, Pierce Atwood, LLP, Portland, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, SILVER, and MEAD, JJ.

ALEXANDER, J.

[¶ 1] Alice Geary appeals from a judgment entered in the Superior Court (Waldo County, *Mills, J.*) granting defendant NAMI Research Institute, Inc.'s (NRI) motion to dismiss. Geary argues that the court erred in dismissing her complaint because she omitted NRI from her first complaint due to incorrect information provided to her, and the time to amend her first complaint had expired before she learned of the continued existence of NRI. NRI asserts that Geary's appeal is frivolous. Although there may be a question as to whether the complaint in Geary's original action might be amended to add NRI as a defendant, we affirm the judgment dismissing the complaint in this second action.

## I. CASE HISTORY

[¶ 2] Geary, the widow and next of kin of Raymond Geary, filed a complaint on January 24, 2005, against Matthew Cyr, Lori Stevens, E. Fuller Torrey, M.D., and The Stanley Medical Research Institute (SMRI). Geary's husband died on April 27, 2000. That same evening, Geary was contacted by an agent of SMRI, which led to the events giving rise to this appeal. Geary is seeking damages for injuries sustained as a result of the alleged taking and use of her husband's brain for research without consent. This matter is still pending before the Superior Court. *See Geary v. Stanley Med. Research Inst. et al. (Geary I)*, CV–05–003, 2006 WL 3035343 (Me.Super.Ct., Wal.Cty.).

[¶ 3] The National Alliance for the Mentally Ill (NAMI) was started by Ted and Veda Stanley, with the assistance of Dr. E. Fuller Torrey, for the purpose of researching the causes, cures, and treatment of major mental illnesses. NAMI Research Institute (NRI) is a wholly owned subsidiary of NAMI. On April 30, 2002, NRI transferred substantially all of its assets and liabilities to SMRI. In the early stages of the litigation, Geary was aware that

NRI existed at the time her cause of action arose. However, the defendant's answer to her complaint led Geary to believe that NRI had been dissolved.

[¶ 4] In the answer and counterclaim to the first complaint, dated March 16, 2005, the defendants stated:

> the Defendants admit that the NAMI Research Institute (NRI), which was also known as 'The Stanley Foundation Research Programs' transferred substantially all its net assets to SMRI on April 30, 2002. Defendants admit that the NAMI Research Institute was subsequently dissolved and no longer exists.

[¶ 5] Pursuant to M.R. Civ. P. 16(a), the court issued a scheduling order that set July 30, 2005, as the final date for joining new parties and amending pleadings.

[¶ 6] In September 2005, Geary noticed SMRI's deposition. In the defendants' objections to plaintiff's notice of deposition, dated October 5, 2005, SMRI objected to the use of the term "predecessor in interest" to NRI to describe SMRI, which Geary used throughout her notice of deposition. Defendants stated: "The use of the term 'predecessor in interest' throughout the deposition notice does not apply to SMRI. On April 30, 2002, NRI transferred substantially all its assets and liabilities to SMRI. NRI continued to exist, and SMRI therefore did not have a 'predecessor' in interest."

[¶ 7] Dr. Torrey was deposed as a designee of SMRI on October 20, 2005. At that time, he indicated that NAMI kept the NRI name for fundraising purposes and other activities.

[¶ 8] On April 14, 2006, after more discovery, Geary was copied on a letter sent to attorneys in other Maine brain-taking cases. Thereafter, she concluded that NRI was not, in fact, dissolved.

[¶ 9] On April 27, 2006, Geary filed the complaint in this action naming, among others, NRI as a defendant. The complaint was filed just within the six-year statutory period for filing tort actions.[1] *See* 14 M.R.S. § 752 (2006). It is uncontested that this complaint is based on the same transaction as *Geary I*. The defendants moved to dismiss the second complaint as duplicative of the first. Geary's central argument against the motion to dismiss was that she had been misled as to the existence of NRI.

[¶ 10] In ruling on the motion to dismiss, the court found that, contrary to Geary's argument, it could not conclude, based on the record, that the defendants hid the truth about NRI's existence. The court noted that discovery was pursued for approximately one and one-half years in *Geary I*. In addition, Geary failed to file a motion to extend the time to amend the pleadings to add additional parties to *Geary I* and did not request a discovery conference regarding the issue of NRI's existence. Because Geary admitted that the complaint was based on the same transaction as *Geary I*, the court granted defendant NRI's motion to dismiss.[2]

[¶ 11] Geary filed this timely appeal.

---

1. Geary was first contacted regarding her husband on April 27, 2000. The statutory period for filing a claim expired six years after that date. *See* 14 M.R.S. § 752 (2006).

2. The court also dismissed Geary's claims against defendants Theodore R. Stanley, MBI, Inc.; The Theodore and Vada Stanley Foundation, individually and d/b/a Stanley Foundation Research Programs; Stanley Brain Research Laboratory and Brain Collection; The Stanley Foundation; Stanley Foundation Bipolar Network; Stanley Medical Research Foundation; Treatment Advocacy Center; and John Doe "Related Medical Research Programs No. 1–10" for lack of personal jurisdiction. Geary does not appeal those dismissals.

## II. LEGAL ANALYSIS

■ [¶ 12] The dismissal of this action was not a ruling on the merits of the claim, but part of the court's management of the proceedings moving toward trial. We review court orders supervising and managing pretrial and trial proceedings deferentially for an abuse of discretion. *See Dolliver v. Dolliver,* 2001 ME 144, ¶¶ 10, 12, 782 A.2d 316, 317–18.

[¶ 13] The trial court reasonably could have viewed the filing of this action as an attempt to add a party to the action while circumventing the July 30, 2005, deadline for adding parties set in the pretrial order in *Geary I.* As part of its exercise of pretrial management authority, the court determined the complaint was duplicative.

■ [¶ 14] No Maine case directly addresses the standard of review for an appeal of a trial court's dismissal of a complaint as duplicative. Several federal courts have reviewed a dismissal of a duplicative complaint for an abuse of discretion, the same standard we apply to review of trial management decisions. *See Curtis v. DiMaio,* 46 F.Supp.2d 206, 215 (E.D.N.Y.1999) (recognizing that District Courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another); *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F.Supp. 654, 664 (S.D.N.Y.1997) (same); *Carey v. Hillsborough County Dep't of Corr.,* No. 05–CV–442–PB, 2006 WL 758311, *3, 2006 U.S. Dist. Lexis 23515, *7 (D.N.H. Mar. 6, 2006) (same).

■ [¶ 15] It is undisputed that Geary's second complaint arose from the same transaction on which her first complaint was based. In addition, Geary requested the same relief. A second action may be duplicative even if the parties are not identical. *Howard,* 977 F.Supp. at 664 (holding that the court may determine the second action to be duplicative if the parties "represent the same interests") (quotation marks omitted). Because the claims, parties, and available relief "do not significantly differ between the two actions," Geary's second complaint is duplicative. *See Carey,* 2006 WL 758311, *3, 2006 U.S. Dist. Lexis 23515, *7 (quotation marks omitted).

[¶ 16] The Superior Court could have reasonably concluded that allowing Geary to proceed with the second action would enable her to circumvent the pretrial order and procedural rules after she could reasonably be viewed as having received notice of NRI's continued existence. Accordingly, the trial court's decision to dismiss this action was within the range of its discretion and is affirmed.

■ [¶ 17] After this appeal was filed, both Geary and defendant SMRI submitted documents concerning a proposed stipulation that SMRI would accept and assume all liability for any actions of NRI. The positions taken by the parties regarding the offer of the stipulation on appeal may suggest a different significance for NRI than the position argued to the trial court in support of the motion to dismiss. Notably, the stipulation effort may have failed when the defendants would not agree to waive any affirmative defenses that could not be asserted by NRI. However, because the stipulation was never accepted, and because these documents were not presented to the trial court and included in the trial court's record, we will not consider these new materials in the present appeal. *See Beane v. Me. Ins. Guar. Ass'n,* 2005 ME 104, ¶ 9, 880 A.2d 284, 286. When new facts, new testimony, or new exhibits are discovered or developed after trial, the appropriate remedy is a request to the trial court for reconsideration, given the existence of the new material. *See* M.R. Civ. P. 7(b)(5), 59, 60(b).

[¶ 18] We do not opine on the prospect of a motion for reconsideration or a motion

to add a party in *Geary I*, and leave any further motions to the trial court's consideration.

The entry is:

Judgment affirmed.