2011 ME 136

**Liv Maura MORRISON**

v.

**Shawn A. SAYER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 1, 2011.
Decided: Dec. 29, 2011.

Shawn A. Sayer, pro se.

Liv Maura Morrison did not file a brief.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] Shawn A. Sayer appeals from the judgment of the District Court (Portland, *Mulhern, J.*) granting an order for protection from abuse, 19–A M.R.S. § 4007 (2010), to Liv Maura Morrison. On appeal, Sayer contends that he was deprived of rights afforded by the statute and rules because he was not allowed to appear at or participate in the final hearing because he was incarcerated. We vacate the judgment.

[¶ 2] The record reflects that over the past several years, Sayer has been subject to several protection from abuse orders prohibiting contact with Morrison. There appears to be no dispute that during all relevant times incident to the present protection from abuse proceeding, Sayer was incarcerated at the York County Jail. The proceedings were initiated when Morrison sought a protection from abuse order on March 18, 2011, and obtained a temporary order for protection from abuse on March 21, 2011. The hearing on the final protection from abuse order was scheduled for April 8, 2011.

[¶ 3] Sayer was served with a copy of the temporary order and notice of hearing on the final order on April 4, 2011. He then sent a letter to the court, received by the court on April 6, 2011, advising that he was incarcerated and would not be released until at least August 24, 2011. Sayer requested that the final hearing on the protection from abuse complaint, then scheduled for April 8, 2011, be continued or that the court make arrangements for him to appear or to participate in the hearing. On April 7, 2011, the court denied the motion, writing on Sayer's letter: "Motion to continue denied. The law re-

quires that final hearing must be held within 21 days of filing."

[¶ 4] The court then held a hearing, with only Morrison present, and issued the final protection from abuse order on April 8, 2011, to be effective until April 7, 2013.

[¶ 5] Sayer filed a motion for relief from judgment on April 12, 2011, asking for reconsideration because he had been incarcerated and unable to participate in the hearing. The court denied the motion for relief on April 14, 2011. Sayer then filed a notice of appeal. Sayer filed a subsequent motion for relief from judgment on May 23, 2011, that the court denied on the same date.

## LEGAL ANALYSIS

[¶ 6] On appeal, Sayer asserts that (1) he was deprived of due process by not being given the opportunity to be present at or participate in the hearing; (2) there was no basis to grant the protection from abuse order because, as he was incarcerated, he presented no immediate threat to Morrison; and (3) Morrison's statements as to certain claims she makes in her complaint for protection from abuse are not credible.

[¶ 7] The protection from abuse statute, 19–A M.R.S. § 4010(1) (2010), indicates that proceedings will be conducted in accordance with the Maine Rules of Civil Procedure. Those rules anticipate that, with proper notice, both parties may be present or participate in the proceeding, although participation of a party or a witness from a remote location may be facilitated. M.R. Civ. P. 43(a); *see Nicholson v. Nicholson,* 2000 ME 12, ¶ 6, 747 A.2d 588 (participation of party in domestic relations proceeding facilitated by telephone from another country).

[¶ 8] A trial participant need not always appear in person in court to

assure that his or her rights to a hearing are respected. *See State v. McKenna,* 1998 ME 49, ¶¶ 2–4, 707 A.2d 1309. Thus, video conferencing may be used to facilitate participation in court hearings by persons who are incarcerated. *See Edwards v. Logan,* 38 F.Supp.2d 463, 467–68 (W.D.Va.1999).

[¶ 9] Here, Sayer asserted his right to be present, advised the court of his inability to attend the hearing, and asked the court to either continue the hearing or provide some "options" or accommodation to allow him to appear at or participate in the hearing. *See Blackhouse v. Doe,* 2011 ME 86, ¶¶ 9–12, 24 A.3d 72 (discussing accommodations that a court can offer to allow a party to a protection from abuse proceeding to participate in a hearing without being present at the courthouse).

[¶ 10] The twenty-one-day hearing requirement in 19–A M.R.S. § 4006(1) (2010), cited by the court in denying Sayer's request to continue the hearing or make some accommodation to allow him to participate in the hearing, was not a basis to deny Sayer's request to be allowed to participate. We have previously held that the twenty-one-day hearing requirement does not deprive the court of discretion to continue the final hearing to a later date when good cause is demonstrated for such a continuance. *Connolly v. Connolly,* 2006 ME 17, ¶ 5, 892 A.2d 465; *Shaw v. Packard,* 2005 ME 122, ¶ 11, 886 A.2d 1287.

[¶ 11] Here, Sayer's incarceration and the need to protect his rights by facilitating his participation in the hearing, either in person or by a remote video or audio connection, demonstrated good cause to either make an accommodation to allow him to participate on April 8, 2011, or grant a short continuance of the hearing to allow his participation on another date. Because Sayer was incarcerated, there would have been no urgency that could have justified proceeding without a brief continuance to allow Sayer the opportunity to be heard. Although the final protection order dated April 8, 2011, must be vacated, the temporary order issued on March 21, 2011, shall remain in effect pending hearing on the final order or further order of the court, as would have been the case had the continuance of the scheduled hearing been granted. *See* 19–A M.R.S. § 4006(2) (when a final hearing is continued, the court may extend a temporary order, as "it considers necessary").

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion. The temporary order issued March 21, 2011, shall remain in effect pending further order of the District Court.