STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                        CIVIL ACTION
                                              DOCKET NO. RE-18-179

DALE HOLMAN,

                    Plaintiff

v.                                            ORDER

STATE OF MAINE
Cumberland ss Clerk's Office

SEP 1 1 2018    1:24

RECEIVED    PM

WILLOW HOME OWNERS
ASSOCIATION,

                    Defendants

Before the court is a motion by defendant Willow Home Owners Association (Association) to dismiss the complaint in this action because it is duplicative of a prior complaint filed by plaintiff Dale Holman. The Association argues that the only material difference is that Holman's new complaint includes a request for a preliminary injunction, which according to the Association fails to state a claim upon which relief may be granted.

Holman, who is representing himself, has filed two other lawsuits challenging actions taken by Julian and Katherine Johnson, the Association, and various other parties with respect to stormwater originating on property belonging to the Jewish Community Alliance of Southern Maine in Portland.[1] As against the Association, Holman appears to contend that allowing the discharge of stormwater into the Association drainage system was illegal or improper.

---

[1] In the first lawsuit, Holman sued the Johnsons and named their property as a defendant. *Holman v. Johnson*, CV-18-68. In the second lawsuit, based on the same factual allegations, Holman again sued the Johnsons and added six additional defendants: the Association, the Jewish Community Alliance, and four individuals who, according to Holman, illegally participated at an Association Board meeting in September 2016 at which action was taken with respect to the stormwater issue. *Holman v. Johnson*, CV-18-143. Those two lawsuits have been consolidated.

**Plaintiff Dale Holman-Pro Se**
**Defendant-Thomas McKeon, Esq.**

Holman could have simply filed a motion for a preliminary injunction in CV-18-143.[2] In commencing a new action and seeking a preliminary injunction, however, Holman may have been relying on the provision in M.R.Civ.P. 65(b)(1) that provides that an application for a preliminary injunction "may be included in the complaint or may be made by motion."

Other than the omission of allegations relating solely to parties in CV-18-143 who are not named as defendants in RE-18-179, there is virtually no difference between Holman's factual allegations in CV-18-143 and his factual allegations in RE-18-179. The only new material, which is contained in paragraphs 44-60 and the attachments thereto, concerns Holman's request for injunctive relief and his contention that the Association has admitted that the Jewish Community Alliance drainage has caused road damage that will require expensive repairs.

The court has reviewed the annexed documents referred to in paragraphs 44-56 and finds no admissions or evidence in those attachments that the road maintenance issues discussed in those documents are linked with or caused by the Jewish Community Alliance discharge into the Association drainage system that is challenged by Holman in CV-18-68 and CV-18-143.

Treating the verified complaint in RE-18-179 as an application for a preliminary injunction, the application is denied. Holman is seeking a preliminary injunction preventing the Association from spending any Association funds or billing any homeowners while this action is pending. His reasoning is that the defendants in CV-18-68 and CV-18-143 should be made to pay for damage and remediation efforts. Complaint ¶¶ 58-59.

A prerequisite for injunctive relief is irreparable harm, and irreparable harm cannot be established if there is an adequate remedy at law. In this case injunctive relief is precluded because

---

[2] The "Wherefore" clause in the complaint filed in CV-18-143 seeks unspecified injunctive relief.

2

Holman's complaints in CV-18-68 and CV-18-143 constitute an acknowledgment that Holman has an adequate remedy at law.

Paragraph 60 of the complaint in RE-18-179 contains a conclusory allegation that Holman and other homeowners will be subjected to irreparable harm if they have to pay for damage and remediation of structural water damage. It bears emphasis that if he proves his claims, Holman may recover damages for injury to his own property and any losses he has personally incurred. Holman is entitled to represent himself, but he is not entitled to represent other homeowners or sue on their behalf. He makes no factual allegations suggesting that he does not have an adequate remedy at law in the form of monetary damages.

While Holman argues that an evidentiary hearing is necessary, the court is not required to hold an evidentiary hearing on an application for a preliminary injunction and may rule on the affidavits submitted or on the verified complaint. 3 C. Harvey, Maine Civil Practice § 65:4 at 333 (2011). In this case, where Holman's verified complaint falls short of any showing or irreparable harm – an indispensable prerequisite for preliminary injunctive relief – Holman's application may be denied without a hearing. *See, e.g., PCI Transportation Inc. v. Fort Worth & Western Railroad Co.,* 418 F.3d 535, 546 (5th Cir. 2005).

Since the only aspect in RE-18-179 that is not already contained in CV-18-143 is the application for a preliminary injunction, RE-18-179 is dismissed as duplicative. *See Geary v. Stanley,* 2007 ME 133 ¶¶ 14-16, 931 A.2d 1064. *Accord, Oxbow Energy Inc. v. Koch Industries Inc.,* 686 F.Supp. 278, 280-82 (D. Kan. 1988), and cases cited therein.[3]

---

[3] If the attachments referred to in paragraphs 44-56 of the complaint in RE-18-179 are relevant and admissible, Holman is entitled to offer those in evidence in CV-18-143.

The entry shall be:

1. To the extent that plaintiff Dale Holman's verified complaint in this action constitutes an application for a preliminary injunction pursuant to M.R.Civ.P. 65(b)(1), the application is denied.

2. In all other material respects, the claims asserted in the complaint are essentially identical to those asserted in plaintiff's complaint in CV-18-143, and accordingly this action is dismissed as duplicative.

3. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September _11_, 2018

_____
Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 9/12/18
mcv

4