2012 ME 75

**Jennifer A. AKERS**

v.

**Timothy L. AKERS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 24, 2012.

Decided: June 5, 2012.

Sarah L. Glynn, Esq., Oxford Hills Law, South Paris, for appellant Timothy L. Akers.

Thomas L. Douglas, Esq., Murray, Plumb & Murray, Portland, for appellee Jennifer A. Akers.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Timothy L. Akers appeals from a judgment on the parties' cross-motions for modification of their stipulated amended divorce judgment entered in the District Court (South Paris, *Cote, J.*). The court left primary residence of the parties' daughter with the mother, Jennifer A. Akers, during the school year and ordered Timothy to pay child support. On appeal, Timothy argues that the court erred in (1) weighing the evidence presented at trial regarding the primary residence of the child, and (2) computing the amount of child support. We affirm the judgment.

## DISCUSSION

### A. Standard of Review

[¶ 2] The trial court is afforded broad discretion in determining the custody and residence of minor children, and we review the court's decision awarding primary residence upon a motion to modify a divorce judgment for an abuse of discretion. *See Sheikh v. Haji,* 2011 ME 117, ¶ 12, 32 A.3d 1065; *Cloutier v. Lear,* 1997 ME 35, ¶ 4, 691 A.2d 660. Similarly, we review an award of child support for an abuse of discretion. *Smith v. Padolko,* 2008 ME 56, ¶ 17, 955 A.2d 740. The trial court's factual findings are reviewed for clear error. *Nadeau v. Nadeau,* 2008 ME 147, ¶ 52, 957 A.2d 108.

### B. Weight of the Evidence

[¶ 3] A substantial change in circumstances can justify the modification of a divorce decree that involves children, and "the overriding consideration whenever a proposed modification is sought is the best interest of the minor children." *Smith,* 2008 ME 56, ¶ 11, 955 A.2d 740 (quotation marks omitted). The factors to be considered in determining the child's best interest are expressed in detail in 19–A M.R.S. § 1653(3) (2011). We review the court's factual findings related to the child's best interest to determine whether they are supported by competent evidence in the record. *See Sheikh,* 2011 ME 117,

¶ 14, 32 A.3d 1065. The ultimate determination of the weight to be given each factor requires careful consideration by the court and is left to the sound discretion of the court. *Id.* ¶ 12.

[¶ 4] As the court noted here, this was a "close case." Jennifer had provided primary physical residence for their daughter since the parties' divorce in 2007. Timothy has been actively involved with their daughter and has provided a stable influence in her life. Jennifer's move from Lewiston to Westbrook prompted both parties to file motions to modify their divorce judgment. Jennifer sought a modification in child support due to her reduced income from a recent job change, and Timothy sought primary residence in South Paris where he lived with his new wife and where most of the child's extended family lived. Both parents appropriately presented evidence regarding the quality of the local schools.

[¶ 5] The record supports the court's acknowledgment that both parents had the ability to provide an appropriate primary residence for their daughter during the school year. The challenge the court faced in ordering a primary residence is often encountered in such cases.[1] When a child has two available and appropriate parents, but the parents live in different towns, the court must often award primary physical residence to one parent in order to avoid disrupting the child's education. In other words, in order to provide a stable school setting, a court must decide between two capable parents for primary residence during the school week. This is not unusual in parental rights allocations, and indeed, with appropriate and committed parents, the trial court will often be presented with circumstances where there is no "wrong" decision on the placement of the child.

[¶ 6] To assist in the analysis, the Legislature has set out multiple factors for the court to consider in making the very difficult decisions regarding a child's primary physical residence and contact arrangements. 19–A M.R.S. § 1653(3). Here, the court considered the evidence presented in light of the applicable best interest factors listed in section 1653(3), specifically addressing the relationship of the child with the child's parents and any other persons who may significantly affect the child's welfare, *id.* § 1653(3)(B); the duration and adequacy of the child's current living arrangements and the desirability of maintaining continuity, *id.* § 1653(3)(D); the stability of the proposed living arrangements, *id.* § 1653(3)(E); the parties' capacity to give the child love, affection, and guidance, *id.* § 1653(3)(F); and the child's adjustment to the child's present home, school and community, *id.* § 1653(3)(G). The court's findings on these factors were supported by the evidence and were not clearly erroneous. *See Smith*, 2008 ME 56, ¶¶ 14–15, 955 A.2d 740.

[¶ 7] Both parents presented a reasonable option. The court's factual findings were supported in the record, and the court considered the statutory factors at issue. We do not disturb the court's conclusion that the best interests of their daughter would best be served by continuing primary, school-week residence with the mother and providing substantial contact with the father. *See id.; see also Sheikh*, 2011 ME 117, ¶ 14, 32 A.3d 1065.

---

1. The challenges here were made more difficult by the contentious nature of the parents' interpersonal relationship. The court ordered the parents to attend the High–Conflict Kids First Program, *see* M.R. Civ. P. 107(a)(3), which they completed, but the level of animosity between them was not significantly reduced.

### C. Child Support Computation and GAL Fees

[¶ 8] Timothy contends that the court erred in computing his child support obligation and in apportioning the guardian ad litem (GAL) fees between the parties. Issues relating to child support and the payment of GAL fees are within the sound discretion of the court and will be reviewed for an abuse of that discretion. *See Douglas v. Douglas,* 2012 ME 67, ¶ 13, 43 A.3d 965; *Smith,* 2008 ME 56, ¶ 17, 955 A.2d 740; *El–Shafei v. Elshafei,* 649 A.2d 1106, 1108 (Me.1994).

[¶ 9] The court provided Timothy a credit of $733.50 towards child support based on the fact that he would have primary residence of the child for half of the child's summer vacation. Timothy alleges that the court made a minor mathematical or calendar error in calculating the amount of child support relief to which he was entitled.[2] Timothy did not bring this alleged error to the court's attention, nor did he make a motion for additional findings of fact pursuant to M.R. Civ. P. 120(c);[3] therefore, he has not preserved this issue for appellate review, *see* Alexander, *Maine Appellate Practice* § 402 at 214–16 (3d ed.2008). Mathematical or other asserted errors in the calculation of child support should be brought directly to the attention of the trial court in order to avoid the unnecessary cost and delay of an appeal. Because Timothy did not bring the possible error to the court's attention, we do not address the issue on appeal. *See id.; see also Dongo v. Banks,* 448 A.2d 885, 893 (Me.1982).

[¶ 10] Regarding the GAL fees, Timothy challenged the allocation of the fees, not the fees themselves. The court found that Timothy's income was substantially greater than Jennifer's and that Timothy had already paid the initial $2,000 fee to the GAL. It was not an abuse of discretion for the court to split the remainder of the GAL fee between the parties. *See* 19–A M.R.S. § 1507(7) (2011); *Douglas,* 2012 ME 67, ¶¶ 13, 24, 43 A.3d 965.

[¶ 11] We find Timothy's remaining contentions unpersuasive and do not address them further.

The entry is:

Judgment affirmed.

---

2. In calculating Timothy's child support credit for the summer weeks when he would have primary residence of the child, the court understood that there were nine Friday–to–Friday weeks between June 2, 2011, and August 31, 2011. June 2, 2011, was a Thursday, and it is unclear whether the child's first full week of summer vacation, for purposes of the order, was to begin the following day, or the following week. Although there may have been more than the nine weeks identified by the court, the trial court was in the best position to address which weeks it intended to encompass in its order.

3. Rule 120 of the Maine Rules of Civil Procedure, which governs post-judgment relief in family matters, states that, "[u]pon motion of a party made within 5 days after notice of a decision under these rules, or upon the court's own motion, the justice or judge who has entered an order on a motion for post-judgment relief shall make findings of fact and conclusions of law in accordance with Rule 52." M.R. Civ. P. 120(c).