MAINE SUPREME JUDICIAL COURT                                  Reporter of Decisions
Decision:      2014 ME 5
Docket:        Aro-13-182
Submitted
 On Briefs:    December 13, 2013
Decided:       January 16, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

JESSICA A. (NADEAU) POTILA

v.

LARRY A. NADEAU

PER CURIAM

[¶1]   Larry A. Nadeau appeals from a divorce judgment entered by the

District Court (Fort Kent, *Soucy, J.*) awarding shared primary residence of the

parties' minor children, determining child support, and allocating the dependent

income tax exemptions.  He contends that because the court erred in perceiving the

seriousness of Jessica A. (Nadeau) Potila's substance abuse issues and income

earning capacity, the court abused its discretion in the challenged parental rights

determinations.   Nadeau also asserts to us, and asserted in a motion for

reconsideration to the District Court, that a father with the same substance abuse

issues that he claims the mother has would not have received the shared primary

residence order issued in this case.  Potila cross-appeals the judgment's finding that

2

she failed to meet her burden of proving that a portion of the value of the marital residence, owned by Nadeau prior to the marriage, is marital.

[¶2] Despite the highly charged claims of parental incompetence that characterized this litigation and the parties' relationship, there does not appear to be any serious contention by Nadeau that the District Court erred in finding the facts, except regarding Potila's earning capacity. Rather, Nadeau expresses disagreement with the District Court's application of its discretionary judgment on issues for which it has broad discretion. *See Akers v. Akers*, 2012 ME 75, ¶ 2, 44 A.3d 311.

[¶3] The District Court's opinion demonstrates that it carefully considered the evidence in the record and, after that consideration, issued a measured judgment that thoughtfully, and with proper explanation, addressed each of the issues presented to it for decision. Contrary to Nadeau's contentions, the court did not abuse its discretion in awarding shared primary residence given the evidence regarding the past conduct of both parties and the interests of the children. *See Bulkley v. Bulkley*, 2013 ME 101, ¶ 14, --- A.3d --- ("The ultimate determination of the weight to be given each factor requires careful consideration by the court and is done on an individualized, case-by-case basis."); *Akers*, 2012 ME 75, ¶ 2, 44 A.3d 311 (setting forth the standard of review for a court's decision regarding primary residence). Particularly, it is evident that the court did not discriminate in any way

based on gender or any other status, but instead attempted to respect the direction of the statute favoring the award of shared parental rights absent an explicit finding that it would not be in a child's best interests. *See* 19-A M.R.S. § 1653(1)(C) (2013). Section 1653(1)(C) specifies:

> The Legislature finds and declares that, except when a court determines that the best interest of a child would not be served, it is the public policy of this State to assure minor children of frequent and continuing contact with both parents after the parents have separated or dissolved their marriage and to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy.

[¶4] We also determine that the court did not abuse its discretion in denying Nadeau a deviation from the child support guidelines based on the shared primary residence or in allocating the dependent income tax exemptions between the parties. *See* 19-A M.R.S. § 2007(2) (2013) (requiring a party seeking a child support deviation to file proposed findings showing that the application of the presumptive amount would be inequitable or unjust); *Wong v. Hawk*, 2012 ME 125, ¶ 17, 55 A.3d 425 ("We presume that a trial court did not abuse its discretion in declining to deviate if a party fails to present proposed findings supporting deviation."); *Johnson v. Smith*, 1999 ME 168, ¶ 14, 740 A.2d 579; *see also Bojarski v. Bojarski*, 2012 ME 56, ¶ 25 & n.3, 41 A.3d 544 (setting forth the standard of review for allocation of the dependent tax exemption).

4

[¶5]  Contrary to Potila's contentions, the court did not err in finding that she failed to meet her burden of proving the amount of any increase in the value of the marital residence attributable to marital funds or labor.  *See Miliano v. Miliano*, 2012 ME 100, ¶ 25, 50 A.3d 534 ("The amount of the increase in value [of otherwise nonmarital property] is an essential element of the proof.").

The entry is:

Judgment affirmed.

_____

**On the briefs:**

Theodore M. Smith, Esq., Smith Law Offices, LLC, Van Buren, for appellant Larry A. Nadeau

James M. Dunleavy, Esq., Currier and Trask, P.A., Presque Isle, for appellee Jessica A. (Nadeau) Potila

Fort Kent District Court docket number FM-2012-33
FOR CLERK REFERENCE ONLY