MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 25
Docket:        Som-17-221
Submitted
  On Briefs:   October 24, 2017
Decided:       February 13, 2018

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

MELANIE G. BOYD

v.

EDWARD W. MANTER

HUMPHREY, J.

[¶1] Edward W. Manter appeals from an amended judgment entered in May 2017 by the District Court (Skowhegan, *Benson, J.*) granting Manter's motion to modify and amending the parties' 2008 divorce judgment (*Nivison, J.*) as amended in 2008 (*Nivison, J.*) and 2011 (*Darvin, J.*). On appeal, Manter argues that the court erred and abused its discretion when it (1) modified the parents' rights of contact; (2) denied his motion for amended or additional findings; and (3) determined that he was in arrears of his child support obligation. We affirm the judgment with respect to the parents' rights of contact, but vacate the court's determination that Manter was $10,692.58 in arrears of his child support obligation and remand for further proceedings.

## I. BACKGROUND

[¶2]  Manter and Melanie G. Boyd are the parents of one minor child.  The parties were divorced by a judgment that was issued in 2008 and was later modified in 2008 and 2011.  In the 2011 modification, Boyd was granted primary physical residence of the child and Manter was ordered to pay child support.  In December 2015, Manter filed a motion to modify the divorce judgment and requested that (1) the child's primary residence be changed to his home and Boyd be awarded rights of contact; (2) final decision making related to education, medical health, and mental health be allocated to Manter; and (3) Boyd be ordered to pay child support to Manter.  *See* 19-A M.R.S. § 1657 (2017); 19-A M.R.S. § 2009 (2017).

[¶3]  Since 2008, the courts and the guardian ad litem have noted that "a lack of communication and hostility . . . characterize[] the parties' parenting relationship."  In the present proceeding, the contact schedule was repeatedly identified as a major source of stress for the parties and the child.  Between 2011 and 2017, the child's primary residence was with Boyd during the school year, but the child's contact schedule required multiple transitions between the parents each week during the school year and summer.

[¶4]  On March 27, 2017, after a three-day testimonial hearing, the court entered an order on Manter's motion to modify the parties' amended divorce judgment.  Manter filed a motion for amended or additional findings, pursuant to M.R. Civ. P. 52(b), and a motion to amend the judgment, pursuant to M.R. Civ. P. 59(e), which the court denied, while granting in part Boyd's motion to amend the judgment.  The amended order modifying the divorce judgment preserved the child's primary residence with Boyd and eliminated several of the child's transitions between the parents.  The court also entered a new child support order to reflect Manter's increased salary and Boyd's decreased salary. The court made the child support award "retroactive to the date of service" and found that Manter was in arrears in the amount of $10,692.58.  Manter timely appealed the amended order modifying the divorce judgment and the denial of his motion for additional or amended findings.  *See* 14 M.R.S. § 1901 (2017); M.R. App. P. 2(b)(3) (Tower 2016).[1]

## II.  DISCUSSION

[¶5]  Manter first argues that the court abused its discretion when it modified the contact schedule.  "The trial court is afforded broad discretion in

---

[1]  This appeal was commenced before September 1, 2017, and therefore the restyled Maine Rules of Appellate Procedure do not apply.  *See* M.R. App. P. 1.

4

determining the custody and residence of minor children, and we review the court's decision . . . upon a motion to modify a divorce judgment for an abuse of discretion." *Akers v. Akers*, 2012 ME 75, ¶ 2, 44 A.3d 311. "The trial court's factual findings are reviewed for clear error." *Id.* Because the court denied Manter's motion for additional or amended findings, "we cannot infer findings from the evidence in the record." *Ehret v. Ehret,* 2016 ME 43, ¶ 9, 135 A.3d 101.

[¶6] When a court considers the modification of a divorce judgment, it must determine the best interest of the child by examining the factors in 19-A M.R.S. § 1653(3) (2017). *See Akers*, 2012 ME 75, ¶ 3, 44 A.3d 311. "We review the court's factual findings related to the child's best interest to determine whether they are supported by competent evidence in the record. The ultimate determination of the weight to be given each factor requires careful consideration by the court and is left to the sound discretion of the court." *Id.* (citation omitted).

[¶7] Contrary to Manter's contentions, the court did not abuse its discretion or err when it modified the contact schedule. The court considered the relevant best interest factors and found that both parents have a strong bond with the child and both parents "would work hard to provide her with a good and stable life," but that maintaining continuity of primary residence with

Boyd was "of critical importance." The court also found that the current situation was "intolerable for the parties, as well as for [the child]," and that the parties' dispute resolution abilities "are nearly zero." The court was guided by these factors when it ordered the new contact schedule. The new contact schedule maintains continuity for the child and reduces the transitions that cause conflict and stress for the child and the parties. Therefore, the new contact schedule presents a reasonable option that the court concluded is in the child's best interest. *See Akers*, 2012 ME 75, ¶ 7, 44 A.3d 311. The court's findings on the statutory factors were supported by competent evidence in the record.[2] We do not disturb the court's conclusions regarding the rights of contact.

[¶8] Manter next argues that the court abused its discretion when it denied his motion for amended or additional findings of fact pursuant to M.R. Civ. P. 52(b). "We review the trial court's denial of a motion for findings of fact for an abuse of discretion." *Dalton v. Dalton,* 2014 ME 108, ¶ 21, 99 A.3d 723.

---

[2] To the extent that Manter argues that the court "abused its discretion by adopting the 'best interest' analysis of the Guardian ad Litem," that argument is without merit because the court made its own findings on the best interest factors that were supported by competent evidence in the record.

We agree with Manter that the court misstated the child's age, but that error was harmless because it is highly probable that the error did not affect the outcome of the hearing. *See Mitchell v. Kieliszek*, 2006 ME 70, ¶ 20, 900 A.2d 719.

With the exception of the court's determination that Manter was $10,692.58 in arrears of his child support obligation, the court presented a clear statement of the basis for its judgment sufficient for appellate review and did not abuse its discretion when it denied the motion. *See Bell v. Bell*, 1997 ME 154, ¶ 4, 697 A.2d 835 ("We have repeatedly stated that the primary function of Rule 52 findings is to present a clear statement of the basis for the trial court's judgment to an appellate court." (quotation marks omitted)).

[¶9] We review child support awards for an abuse of discretion, and the court's factual findings for clear error. *See Akers*, 2012 ME 75, ¶ 2, 44 A.3d 311. Clear error exists if a finding is unsupported by competent evidence in the record. *In re A.M.*, 2012 ME 118, ¶ 29, 55 A.3d 463. The court's order contains no factual findings supporting its calculation of the amount of arrears and we are unable to determine how the court arrived at the $10,692.58 figure. The record is devoid of evidence regarding interim child support payments, and the court's order does not mention the previous child support orders—including the interim order that was in effect during the pendency of this action. Further, in its calculation of the arrearage, the court dated the arrears back to "the date of service" and we cannot discern what date the court is referring to. Because the court denied Manter's motion for amended or additional findings regarding

his child support obligation, "we cannot assume that the court implicitly found facts sufficient to support its [arrears] determination, and we cannot decide whether the court's findings were clearly erroneous." *Ehret,* 2016 ME 43, ¶ 16, 135 A.3d 101. We therefore vacate the court's determination that Manter was $10,692.58 in arrears of his child support obligation and remand for further findings and conclusions on the issue of arrears raised in Manter's motion for amended or additional findings. *See id.*

The entry is:

> Order denying motion for amended or additional findings with regard to the amount of Manter's arrears of his child support obligation is vacated. Child support order is vacated with respect to the determination of the amount of Manter's arrears of his child support obligation. Remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

John F. Barnicle, Esq., Moncure & Barnicle, Brunswick, for appellant Edward W. Manter

Anthony P. Shusta II, Esq., Law Offices of Anthony P. Shusta II, Madison, for appellee Melanie G. Boyd

Skowhegan District Court docket number FM-2007-338
FOR CLERK REFERENCE ONLY