MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 20
Docket:      Yor-19-350
Submitted
  On Briefs: January 23, 2020
Decided:     January 30, 2020
Panel:       ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

IN RE CHILD OF BROOKE B.


PER CURIAM

[¶1]    Brooke B. appeals from a judgment of the District Court (Biddeford, *Duddy, J.*) finding that her child was in circumstances of jeopardy to the child's health or welfare and ordering that the child remain in the custody of the Department of Health and Human Services.  *See* 22 M.R.S. §§ 4035(2), 4036(1)(A) (2018).  The mother contends that (1) her right to due process was violated by the way that the trial judge conducted the hearing, which demonstrated that the judge was not impartial; and (2) certain of the court's factual findings were clearly erroneous.  We affirm the judgment.[1]

A.    Due Process

[¶2] The court made it clear to all parties throughout the hearing that the time available was limited, and the court interjected at several points to remind all parties of the need to focus their presentations.  The evidence presented on

---

[1] The identity of the child's father had not been conclusively determined at the time of the hearing.

the first day of the two-day hearing was largely at the discretion of the Department, and the evidence presented on the second day was largely at the discretion of the mother.

[¶3]  Contrary to the mother's contention that she was deprived of due process because the trial judge did not act impartially, the court's actions and comments are best viewed as an attempt to assist her in completing her case within the allotted time by advising her as to the areas of inquiry that the court deemed most important.[2]  *See State v. Bard*, 2018 ME 38, ¶ 43, 181 A.3d 187 ("Statements made by a judge during . . . judicial proceedings will not constitute bias or prejudice except in the extraordinary circumstances in which those statements reveal a deep-seated favoritism or antagonism that would make fair judgment impossible." (alteration and quotation marks omitted)).

[¶4]  Even in cases where fundamental rights are at issue, trial courts have broad discretion to control the order and timing of the presentation of evidence and to set and enforce reasonable time limits on hearings. *Dolliver v. Dolliver*, 2001 ME 144, ¶¶ 10–12, 782 A.2d 316; *Bradford v. Dumond*, 675 A.2d 957, 962–63 (Me. 1996).

---

[2]  We do not consider the "proffer" offered in the mother's brief concerning what purportedly occurred during an unrecorded chambers conference.  The substance of the conference was not placed on the record, and the mother did not avail herself of the procedure available in M.R. App. P. 5(d) to create a record of the unrecorded proceeding.

[¶5]  The court did not restrict or direct the mother's presentation of her case apart from the time limitation, which it imposed on the Department's case as well.  *See* M.R. Evid. 611(a) ("The court must exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . [m]ake those procedures effective for determining the truth [and] [a]void wasting time.").  *See also* Field & Murray, *Maine Evidence*, § 611.1 (6th ed. 2007).

[¶6]  Furthermore, the mother did not move for the judge's recusal, either during the hearing or at any subsequent point.  We have emphasized that "a party who is concerned about a judge's impartiality should tender its concerns to the court at the earliest possible moment.  To the maximum extent possible, this should occur before adjudication takes place."  *Samsara Mem'l Tr. v. Kelly, Remmel & Zimmerman*, 2014 ME 107, ¶ 30, 102 A.3d 757 (citation omitted).  Because the mother did not do so, our review is for an obvious error that "deprived the [mother] of a fair trial and resulted in a substantial injustice."  *Id.* (quotation marks omitted).  We discern no error, obvious or otherwise, on this record.

B.     Factual Findings

[¶7]  The court based its jeopardy determination on the following factual findings, all of which have support in the record:

From October 2017 to present, [the mother] has suffered from, and continues to suffer from, an active substance abuse condition. . . .

In February of 2019, [the mother] engaged in a domestic violence incident involving [the father of her older child] in which she was at least a partial participant . . . . The incident occurred when [the child at issue here] was in the home. During this incident, [the mother] tried to commit self-harm and she admits that she has tried to harm herself in the past.

On or about April 8, 2019, [the mother] took [the child] and [the child's sister] to a home . . . that is not safe for children because of the adult inhabitants or their visitors, some of whom have a history of unlawful drug activity. One of the individuals in the home was actively using methamphetamine while [the mother] and the children were visiting.

On April 25, 2019, [the mother] tested positive for abusing amphetamines and methamphetamine and the court finds that she was, in fact, abusing amphetamines and methamphetamines. There is no evidence to suggest that the test is not reliable. . . . The court is singularly concerned about [the mother's] denial of the results of that test. . . .

[The mother's] judgment and memory are impaired due to her substance abuse. [The mother] is in denial and does not recognize, acknowledge, or take responsibility for her substance abuse.

The Court finds as a matter of law and by a preponderance of the evidence that jeopardy exists based on [the mother's] misuse of substances and her ongoing substance use which is not successfully treated . . . [,] her mental health issues which are not yet successfully treated . . . [,] exposing [the child] to unsafe individuals . . . [, and] engaging in domestic violence in the presence of [the child].

[¶8] "We review the court's factual findings for clear error and will affirm its jeopardy determination . . . unless there is no competent record evidence that can rationally be understood to establish as more likely than not that the child was in circumstances of jeopardy to his or her health and welfare." *In re Children of Troy H.*, 2019 ME 154, ¶ 5, 218 A.3d 750 (quotation marks omitted). On this record, contrary to the mother's contention, we conclude that the court's supported findings "establish as more likely than not that returning the child[] to the [mother's] custody would cause the child[] serious harm or the threat of serious harm." *Id.* ¶ 7 (alterations, footnote, and quotation marks omitted); *see* 22 M.R.S. §§ 4002(6)(A), 4035(2) (2018).

The entry is:

Judgment affirmed.

---

Vicki Mathews, Esq., Scarborough, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Biddeford District Court docket number PC-2019-36
FOR CLERK REFERENCE ONLY