MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2021 ME 27
Docket:        Yor-20-245
Submitted
  On Briefs:   April 21, 2021
Decided:       May 6, 2021

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, and CONNORS, JJ.

TIMOTHY ATKINSON

v.

ELIZABETH CAPOLDO

JABAR, J.

[¶1]  Timothy Atkinson appeals from a judgment of the District Court (York, *Moskowitz, J.*) denying Elizabeth Capoldo's motion to modify their parental rights and responsibility as to their two children.  Atkinson contends that the court erred in denying his motion for attorney fees and his motion for additional findings of fact as to the attorney fees.  We vacate the judgment in part and remand for the court to issue written findings regarding Atkinson's motion for attorney fees.

## I.  BACKGROUND

[¶2]  On August 17, 2011, the New Hampshire 10th Circuit Court Family Division (Portsmouth) entered a divorce and parenting plan for Atkinson and Capoldo and their two minor children.  On November 20, 2013, Atkinson filed

a complaint in Maine District Court (York) requesting a determination of parental rights and responsibilities as to the parties' two children, past child support, and attorney fees. On March 13, 2014, the court granted Atkinson's request for registration of the child custody and support provisions of the parties' New Hampshire divorce judgment.

[¶3] On March 25, 2019, Capoldo filed a motion to modify, claiming that Atkinson physically and verbally abused the children while they were in his care. She sought, among other things, sole parental rights and responsibilities. Atkinson filed an answer denying the complaint and requested attorney fees. On May 2, 2019, Capoldo filed a complaint for protection from abuse on behalf of the children in District Court (York), and the court (*Fritzsche, J.*) issued a temporary order. On June 28, 2019, Capoldo voluntarily dismissed the protection from abuse complaint, and the court (*Mulhern, J.*) terminated the temporary order.

[¶4] On March 9, 2020, the court (*Moskowitz, J.*) held a hearing on Capoldo's 2019 motion to modify. At the hearing, the court denied the motion, stating that there was no proof of any substantially changed circumstances because "Mr. Atkinson, as a matter of law, [was] allow[ed] to use a reasonable amount of very minor force to parent a child and to discipline a child." The

court also issued a written order denying the motion, finding "that the allegations Ms. Capoldo [made] in her Motion to Modify are not only frivolous, they are patently untrue. Most alarming, indications are that Ms. Capoldo knew, or at least should have known, that her allegations were untrue."

[¶5]  On March 18, 2020, Atkinson filed a motion for attorney fees and attached supporting affidavits from his current and previous attorney detailing the costs associated with litigating the motion to modify and defending the protection from abuse action.  *See* 19-A M.R.S. §§ 105(1), 4007(1)(L-1) (2021). Capoldo did not file an objection to this motion.

[¶6]  On May 8, 2020, Atkinson filed a motion to modify parental rights and responsibilities.  The motion asked for interim relief and an expedited hearing, contending that the mother was alienating the children from Atkinson, and requested reasonable attorney fees.  On July 6, 2020, the court held a hearing on the motion.  On July 10, 2020, the parties agreed to a stipulated judgment that would be in place for forty-five days.  The stipulated judgment stated that if Capoldo successfully completed therapy, then Atkinson would withdraw the request for attorney fees associated with his May 8 motion to modify.  The stipulated judgment referenced Atkinson's March 18 motion for

4

attorney fees and stated that the "request remains outstanding awaiting the Court's decision." The court entered the stipulated judgment.

[¶7]  On July 27, 2020, the court issued an order denying "all other motions or requests for relief" that were still pending and not addressed in the July 10 stipulated judgment. Atkinson's March 18 motion for attorney fees was one of five motions still pending and therefore denied by the order.

[¶8]  On July 31, 2020, Atkinson filed a motion for additional findings of fact concerning his March 18 motion for attorney fees. *See* M.R. Civ. P. 52(b). He requested that the court award attorney fees or "issue findings of fact explaining the basis for its denial of [his] motion [for attorney fees]." Atkinson also included a draft order with proposed findings granting the motion for additional findings of fact and ordering Capoldo to pay the attorney fees. Capoldo opposed this motion, contending that an award of attorney fees would be unfair, and that she did not have the financial ability to pay the legal fees. On August 28, 2020, the court denied Atkinson's motion with a handwritten note at the bottom of the order stating that the "motion is denied." Atkinson timely appealed.

## II. DISCUSSION

[¶9]  Atkinson contends that the court mistakenly believed that the stipulated judgment resolved the outstanding motion for attorney fees, and asserts that Capoldo's actions were so outrageous that denying the motion without an explanation constituted an abuse of discretion.

[¶10]  "[W]e review a ruling on the substance of a Rule 52(b) motion [for findings of fact] for an abuse of discretion." *Roberts v. Roberts*, 2007 ME 109, ¶ 6, 928 A.2d 776.  "We review a court's decision to award attorney fees for an abuse of discretion." *Quirk v. Quirk*, 2020 ME 132, ¶ 23, 241 A.3d 851.  A "court must provide a concise but clear explanation of its reasons for grant or denial of the [attorney] fee award." *Neri v. Heilig*, 2017 ME 146, ¶ 16, 166 A.3d 1020 (quotation marks omitted).[1]  Further, when a motion for findings of fact and conclusions of law is denied, we cannot assume that the court implicitly found

---

[1] In *Hebert v. Hebert*, we, in a footnote, advised that "[a] request for attorney's fees should not result in a second major litigation.  Ideally, litigants will settle the amount of fee.  When settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  We reemphasize that the trial court has discretion in determining the amount of fee.  This is appropriate in view of that court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what are essentially factual matters.  It remains important, however, for the trial court to provide a concise but clear explanation of its reasons for grant or denial of the fee award."  475 A.2d 422, 427 n.5 (Me. 1984).

6

facts sufficient to support its ultimate determination. *See McLean v. Robertson*, 2020 ME 15, ¶¶ 11, 14, 225 A.3d 410.

[¶11] We vacate the portion of the judgment denying the motions for attorney fees and for further findings of fact, and we remand for the court to issue written findings concerning Atkinson's motion for attorney fees and, if the court determines that it is appropriate, amending or reconsidering the order denying Atkinson's request for attorney fees, *see* M.R. Civ. P. 52(b).

The entry is:

> Portion of judgment denying motions for attorney fees and for findings of fact vacated. Remanded for further findings and any amendment of the judgment regarding attorney fees that the court deems appropriate.

---

Gene R. Libby, Esq., and Tyler J. Smith, Esq., Libby O'Brien Kingsley & Champion, LLC, Kennebunk, for appellant Timothy Atkinson

Gregory J. Orso, Esq., Orso Law, P.A., York, for appellee Elizabeth Capoldo

York District Court docket number FM-2013-216
FOR CLERK REFERENCE ONLY