MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:        2024 ME 3
Docket:          Cum-22-232
Submitted
  On Briefs:     February 22, 2023
Decided:         January 18, 2024

Panel:           MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

GEORGE E. GOOLEY

v.

DANIELLE L. FRADETTE

LAWRENCE, J.

[¶1]  George E. Gooley appeals, and Danielle L. Fradette cross-appeals, from the District Court's (Portland, *French, C.J.*) judgments on the parties' post-divorce and post-trial motions.  Because we conclude that appellate review cannot meaningfully be undertaken without specific findings on the provisions regarding parent-child contact, we vacate those portions of the judgment and remand for further findings.  Similarly, we vacate and remand for further findings on the computation of Gooley's income, the determination of Gooley's imputed income, and the award of Fradette's attorney fees.  We affirm the judgments in all other respects.

# I. BACKGROUND

## A. Procedural History

[¶2]  On August 19, 2016, the court (*Cashman, J.*) entered a judgment granting Gooley and Fradette a divorce and determining parental rights and responsibilities as to their two minor children.  That judgment was modified on November 14, 2016, changing the schedule of parent-child contact to three days with one parent and four days with the other parent, on a weekly rotating basis so as to provide the parents with equal time with the children.  On August 18, 2017, the court (*J. French, J.*) entered a judgment that again modified the divorce judgment, by, inter alia, allocating to Fradette the right of decision-making for the children's education; allocating to Gooley the rights to be informed of the children's significant educational issues in advance and to comment on them, and to have access to the children's educators; maintaining the rotating, split-week schedule of parent-child contact; and awarding Fradette attorney fees.

[¶3]  On July 16, 2020, Gooley filed a motion for contempt, alleging that Fradette was willfully failing or refusing to obey the schedule of parent-child contact that was set by the November 2016 and August 2017 judgments.  On August 3, 2020, Fradette filed a motion for post-judgment relief, requesting that

the court modify the parental rights and responsibilities of the parties and award Fradette attorney fees associated with her motion. On March 9, 2021, Fradette moved to amend her motion for post-judgment relief to add her post-filing decision to move from Maine to Massachusetts as a basis for modification. The court (*French, C.J.*) approved the amendment of the motion for post-judgment relief in an order dated October 5, 2021.

[¶4] On October 5, 2021, the court also issued a scheduling order in this matter,[1] and thereafter held a four-day hearing on the parties' post-judgment motions on November 29 and 30, and December 1 and 2, 2021.[2] On April 23,

---

[1] The court's detailed scheduling order provided for a four-day hearing, with regular scheduled breaks. The court stated that the parties were each permitted ten and a half hours to present their cases, including direct and cross-examination. The court allocated three hours for the guardian ad litem to do the same. The court also provided detailed directions for the parties regarding identifying witnesses and admission of various items of evidence, including depositions of experts. Prior to trial, the court (*Woodman, J.*) denied Gooley's motion for adequate trial time, which asserted that the scheduled four days of trial was inadequate for Gooley to present evidence and witnesses.

[2] At the beginning of the fourth day of trial, Gooley again moved for additional trial time. Gooley represented that he needed additional time to call the following witnesses: Gooley's father, two of Gooley's therapists, an expert regarding a therapeutic family intervention program for alienated children, and Gooley himself. Prior to Gooley's motion, Gooley had allocated a significant portion of his trial time to the direct and re-direct examination of his expert witness on parental alienation. The court (*French, C.J.*) denied Gooley's motion, reasoning that it had given the parties fair notice about the time limitations, which it had instituted after considering the nature of the matters before the court. The court also noted that it had encouraged the parties to discuss the possibility of written stipulations and that the parties, with no criticism from the court regarding their choices, decided to go forward with their own strategies. Finally, the court stated that a substantial amount of the parties' allocated time had been spent by the parties' attorneys arguing with one another and that the court had "done its best to move things along." Despite its denial of Gooley's motion, the court provided each party with an additional fifteen minutes and, separately, additional time to examine the guardian ad litem. The court later denied Gooley's January 18, 2022, motion to reopen evidence.

4

2022, the court entered its findings of facts, conclusions of law, and judgment on the parties' post-judgment motions. The court denied Gooley's motion for contempt after finding that he had failed to establish by clear and convincing evidence that Fradette had not complied with the contact schedule under the existing court order. The court found that Fradette met her burden of demonstrating that there had been a substantial change in circumstances due to, inter alia, Fradette's plan to relocate to Massachusetts, and granted, in part, her motion for post-judgment relief. The court also awarded Fradette primary residency of the children and the right of final decision-making for the children's education, and awarded the parties shared parental rights and responsibilities in all other respects. The court awarded Gooley contact with both children on the first, third, and, when applicable, fifth weekends of each month; on Wednesday evenings from 5:00 p.m. to 7:00 p.m.; and on Father's Day weekend. The court also provided Gooley with additional contact time with the younger child on the fourth weekend of every month. The court further ordered that if Fradette lived in the greater Portland area, she would be responsible for transporting the children to Gooley at the beginning of his contact period and Gooley would be responsible for transporting the children back to Fradette at the end of his contact period. However, if Fradette relocated

outside of the greater Portland area, the court ordered that she would be solely responsible for transporting the children to and from Gooley for his scheduled parent-child contact. Finally, the court ordered Gooley to pay Fradette attorney fees of $30,000.

[¶5] On May 3, 2022, Fradette filed a motion to alter or amend the divorce judgment, pursuant to M.R. Civ. P. 59(e), which sought clarity on, inter alia, whether she was permitted to relocate with the children to Massachusetts and, if she does relocate, whether the court-ordered schedule of parent-child contact and the transportation obligations for that contact would still apply. In her motion, Fradette also requested, inter alia, that the court modify its April 2022 judgment by eliminating the Wednesday evening parent-child contact if Fradette relocates to Massachusetts; requiring that Fradette provide all transportation necessary for Gooley's scheduled parent-child contact only if she relocates somewhere that is over fifty miles away from Portland; and eliminating Gooley's separate fourth-weekend contact and week-on, week-off summer contact with the younger child so that the children are always together

when with Gooley. On May 6, 2022, Gooley filed a motion for additional findings of fact and conclusions of law.[3]

[¶6] On June 20, 2022, the court (*J. French, J.*) entered its order on the parties' post-trial motions. The court clarified that, regardless of whether Fradette resides in Massachusetts or Maine, it was in the children's best interests to primarily reside with Fradette and to have frequent and continuing contact with Gooley, including on Wednesday evenings. The court also clarified that the schedule of Wednesday evening parent-child contact remains in effect regardless of whether Fradette relocates to Massachusetts.[4] The court's post-trial order denied all of the parties' other post-trial motions and all other requests for relief that were not expressly addressed in the order.[5]

---

[3] Gooley's motion requested that the court make 220 additional findings of fact and conclusions of law, which included additional findings regarding Gooley's income.

[4] The court noted that Gooley's summer contact schedule with the younger child superseded the weekend and Wednesday evening contact schedule that is in effect during the school year.

[5] The court's order on the parties' post-trial motions thus, in effect, denied Fradette's motion to alter or modify the divorce judgment and Gooley's motion for additional findings of fact and conclusions of law.

[¶7]  Gooley appealed,[6] and Fradette cross-appealed.[7]  *See* 19-A M.R.S. § 104 (2023); M.R. App. P. 2B(c)(2)(B), 2C(2).  On November 7, 2022, Fradette moved, pursuant to M.R. App. 3(b), to permit the District Court to enter a judgment on her motion for an award of prospective attorney fees in anticipation of this appeal.  We granted Fradette's motion on November 8, 2022, and denied Gooley's motion to reconsider our order.  The District Court awarded Fradette $4,000 in prospective attorney fees on January 3, 2023.

## B.    Factual Findings

[¶8]  The factual findings below are taken from the District Court's judgments on the parties' post-judgment motions and order on the parties' post-trial motions.  The court's findings, except where indicated, are supported by competent evidence in the record.  *See Boyd v. Manter*, 2018 ME 25, ¶¶ 5-6, 9, 179 A.3d 906.

---

[6]  After filing his notice of appeal, Gooley personally, and not through counsel, filed multiple motions, which we strike as improper briefing.  *See* M.R. App. P. 7A(a)-(d).

[7]  Gooley's appeal was timely as he filed his motion for post-judgment relief within the time permitted by the standing order pertaining to the Family Division Rules.  *See* Standing Order Regarding Motions for Findings of Fact and Conclusions of Law in Family Matters (clarifying M.R. Civ. P. 120 effective Mar. 10, 2023) https://www.courts.maine.gov/rules/text/mr_civ_p_120_ standing_order_2023-03-09.pdf.  Fradette's cross-appeal was also timely filed.

8

### 1.     The Children's Best Interests

[¶9]  The court made competent findings to support its conclusion that there has been a substantial change in circumstances that is sufficient to justify a modification of the custody arrangement, and the following findings provide a sufficient basis for the court's determination that it is not in the children's best interests to award the parties shared primary residence of the children.[8] *See Kelly v. McKee*, 2019 ME 155, ¶ 7, 218 A.3d 753.

[¶10]  There is conflict between Gooley and Fradette, and the older child has expressed a meaningful preference to have limited contact with Gooley and to not stay overnight at Gooley's home.  The parents have very different communication styles and have not followed their agreement or the court's order to use a parent-communication application.  Fradette is highly anxious regarding her interactions with Gooley.  Gooley can be overbearing and is relentlessly demanding of Fradette and the professionals involved with the family.  Gooley has a problem respecting and recognizing boundaries with the children and Fradette, and he is loud and intense in communicating with them.

---

[8]  In its finding of additional facts, the court stated that it had fully considered each best interest factor and that the most important factors to this matter were 19-A M.R.S. § 1653(3)(A)-(E), (G)-(I), (L) (2023).

[¶11]   The children are doing well and thriving in Maine; however, Fradette intends to relocate to Massachusetts.  The children are appropriately and emotionally attached to Fradette and obtain their emotional and physical stability in her home.  Gooley lacks insight into how his behavior has affected the children and his relationship with them.

## 2.   Imputed Income and Attorney Fees

[¶12]   The court found that Fradette is a registered nurse and is voluntarily unemployed.  Because no evidence of employment available to Fradette was offered, the court, looking to the Bureau of Labor Statistics for the median income for registered nurses in Maine, imputed her income to be $69,510.  Fradette has real estate valued at $462,000, with a mortgage of $106,395, and a retirement plan with a value of $178,313.[9]  Fradette submitted an affidavit from her attorney stating the anticipated fees in this litigation would exceed $56,000.  The record also contains an updated fee affidavit from Fradette's attorney that sets forth an amount in excess of $120,000.  The court found Fradette's attorney fees in this post-judgment litigation were $69,084.

---

[9]  Fradette's updated child support affidavit indicates that the value of her retirement plan is $183,000.  Fradette did introduce in evidence her social security earnings; however, it is not apparent from where in the record the court obtained its assigned value of $178,313.

10

Ultimately, the court awarded Fradette attorney fees in the amount of $30,000.[10]

[¶13] The court did not find Gooley's testimony regarding his financial circumstances to be credible, found that Gooley is voluntarily underemployed, and imputed an annual income of $137,000.[11] The court found that, in 2020, Gooley had an income of $208,000, which comprised his earnings of $68,000 from his employment and a $137,000 payment from selling his business. As a result of selling his business, Gooley received a payment of $137,000 in 2021 and is scheduled to receive payments of $80,000 annually in 2022, 2023, and 2024. The court also found that Gooley sold real estate during the pendency of the post-judgment motions and received cash proceeds of at least $80,000, owns other real estate valued at $170,000 with a mortgage of $59,862, has a retirement account with a value of $403,326, and incurred $137,925 in attorney fees in this matter.

---

[10] The court did not explain its reasoning or which evidence it relied on to determine the award of attorney fees to Fradette.

[11] The court did not explain its reasoning or which evidence it relied upon to impute Gooley's income to be $137,000.

## II. DISCUSSION

**A. Fradette's Relocation and Gooley's Wednesday Evening Parent-Child Contact**

[¶14]  In her cross-appeal, Fradette argues that the court abused its discretion by denying her motion to alter or amend the judgment and thereby requiring contact between Gooley and the children on Wednesday evenings even if Fradette relocates to Massachusetts.  Fradette argues that such parent child contact would require hours of driving to facilitate, limiting Fradette's Wednesday work availability; would interfere with the children's homework assignments; and would interfere with the children's ability to participate in after-school activities.

[¶15]  We review for an abuse of discretion a "court's grant or denial of a motion seeking clarification and amendment of a judgment."  *Theberge v. Theberge*, 2010 ME 132, ¶ 21, 9 A.3d 809.  In doing so, we consider "(1) whether factual findings, if any, are supported by the record pursuant to the clear error standard; (2) whether the court understood the law applicable to its exercise of discretion; and (3) given the facts and applying the law, whether the court weighed the applicable facts and made choices within the bounds of reasonableness." *Violette v. Violette*, 2015 ME 97, ¶ 30, 120 A.3d 667 (quotation marks omitted).

[¶16] To start, we conclude, as noted *supra*, that the court correctly applied the best interest analysis in this case, and that there is competent evidence in the record to support nearly all of the court's findings. The court also evidently understood the law applicable to its exercise of discretion and "evaluated the evidence with the best interest factors in mind," *cf. In re Paige L.*, 2017 ME 97, ¶¶ 35-39, 162 A.3d 217 (explaining that "the court [is] not required to address each best interest factor in its decision").

[¶17] Turning to the final prong of our review for an abuse of discretion, we recognize that Fradette intends to relocate to Massachusetts and acknowledge that requiring Fradette to transport the children from Massachusetts to Portland each Wednesday *could* negatively impact the children's best interests. For example, pursuant to the court's judgments, if Fradette moves outside of the greater Portland area, Fradette must transport the children to and from Gooley for two hours of parent-child contact from 5:00 p.m. to 7:00 p.m. each Wednesday. Requiring that Fradette make these midweek trips from Massachusetts to Portland could impact Fradette's employment opportunities; the stability of Fradette's housing, especially if economic constraints result from her employment opportunities being limited by the contact and transportation obligations; the children's adjustment to

their new community and their schooling; the parties' capacity to communicate and co-parent; and the parties' capacity to encourage and maintain Gooley's parent-child contact. *See, e.g.*, 19-A M.R.S. § 1653(3)(E), (H), (I), (N); *see also supra* n.8. The court's factual findings, however, are silent as to these considerations, and we cannot determine from the record before us whether the court considered them. We therefore conclude that the findings are insufficient to reasonably support the decision to couple Gooley's midweek, evening parent-child contact with Fradette's obligation to provide all of the interstate transportation required by that contact.

[¶18] We appreciate the daunting challenge before the court and recognize its efforts to provide Gooley with regular parent-child contact while maintaining the children's supportive primary residence with Fradette; however, given the court's limited factual findings, we are unable to review the basis for its decision. We therefore vacate the portion of the court's post-trial order, and the court's underlying determinations, requiring that Fradette transport the children to Gooley for his Wednesday parent-child contact even if she relocates to Massachusetts; and we remand for the court to, in its discretion, either make additional findings to support its conclusion or modify the parent-child contact.

14

## B.     Imputed Income and Attorney Fees

[¶19]  Gooley argues that the court erred by imputing his income to be $137,000 and by awarding Fradette $30,000 in attorney fees.  We review for clear error a court's determination of a party's income in a post-divorce judgment proceeding, *see Ehret v. Ehret*, 2016 ME 43, ¶ 14, 135 A.3d 101, and review for an abuse of discretion a court's decision to award attorney fees, *Atkinson v. Capolodo*, 2021 ME 27, ¶ 10, 250 A.3d 1099.

[¶20]  We have consistently required a clear explanation of the factual basis for imputing income or awarding attorney fees.  *See, e.g.*, *Ehret*, 2016 ME 43, ¶ 14, 135 A.3d 101; *Capolodo*, 2021 ME 27, ¶ 10, 250 A.3d 1099.  For example, if a "court finds that a party is voluntarily underemployed, the court may impute income to that party" but "its judgment should contain findings regarding the amount of *and basis for* the income imputed." *Ehret*, 2016 ME 43, ¶ 14, 135 A.3d 101 (emphasis added).  Likewise, the court has statutory authority to award reasonable attorney fees, *see* 19-A M.R.S. § 105 (2023), but it "must provide *a concise but clear explanation of its reasons* for grant or denial

of the attorney fee award," *Capolodo*, 2021 ME 27, ¶ 10, 250 A.3d 1099 (emphasis added) (quotation marks and alteration omitted).

[¶21] Here, there is competent evidence in the record to support the court's finding that Gooley is voluntarily underemployed and the court, therefore, acted within its discretion in imputing Gooley's income. It is unclear, however, what factual basis the court used to impute Gooley's income to be $137,000. For example, the court may have based Gooley's imputed income on the fact that he received a payment of $137,000 in 2021 due to the sale of his business. Yet this basis is contradictory to the court's finding that, due to the sale of his business, Gooley is entitled to further payments of only $80,000 in 2022, 2023, and 2024. Because Gooley's motion for further findings of fact and conclusions of law on this issue was denied, *see supra* n.3 and accompanying text, we cannot infer that the court intended to base Gooley's imputed income on the $137,000 payment he received in 2021. *See Capolodo*, 2021 ME 27, ¶ 10, 250 A.3d 1099. We therefore vacate the portion of the post-trial order determining Gooley's income and the underlying findings, and remand for the court to make sufficient findings that inform the parties of the amount[12] of and basis for his imputed income.

---

[12] The court may, in its discretion, adjust Gooley's imputed income on remand.

16

[¶22]  Given our conclusion that Gooley's imputed income must be vacated, and because Gooley's motion for further findings of fact and conclusions of law on this issue was denied, we must also vacate the court's award of Fradette's attorney fees.  A party's income constitutes a necessary factual basis that the court must consider when it awards attorney fees. *Cf. Ehret*, 2016 ME 43, ¶¶ 17-18, 135 A.3d 101.  Because the court did not provide the parties with a sufficient factual basis for its imputed income for Gooley, the factual basis supporting the award of Fradette's attorney fees is also insufficient.  Similarly, our conclusion applies to the court's January 3, 2023, order awarding Fradette prospective attorney fees in anticipation of this appeal.  On remand, after determining the amount of and basis for Gooley's imputed income, the court should consider what attorney fees, if any, are appropriate to award Fradette and provide a clear explanation of its reason for its determination.[13]

[¶23]  We affirm the judgments in all other respects.[14]

---

[13] We wish to make clear that the court need not resolve *all* disputes regarding its factual findings or conclusions of law in this case; it correctly denied *most* of Gooley's 220 requests for factual findings.  *See supra* n.3, *infra* n.14; *but see infra* ¶¶ 19-22.  The court therefore need make only the additional findings called for in this opinion.  *Cf. Cyr v. Cyr*, 432 A.2d 793, 797 n.2 (Me. 1981).

[14]  The remainder of Gooley's arguments are unpersuasive.  We conclude that Gooley had an opportunity to be heard that was adequate to safeguard his parental rights.  *Compare supra* nn.1-2, *with Geary v. Stanley*, 2007 ME 133, ¶ 12, 931 A.2d 1064, *and Bank of Am., N.A. v. Camire*, 2017 ME 20, ¶¶ 7-8, 155 A.3d 416; *cf. In re Child of Brooke B.*, 2020 ME 20, ¶¶ 2, 4, 224 A.3d 1236 (holding that the

The entry is:

> Judgment on post-divorce motions and order on post-trial motions vacated in part as indicated in this opinion. Judgment and order affirmed in all other respects. Remanded to the District Court to make further findings of fact and conclusions of law consistent with this opinion and to amend the judgment or order, or both, as it deems appropriate based on the further findings and conclusions.

---

Gene R. Libby, Esq., Libby O'Brien Kingsley & Champion, LLC, Kennebunk, for appellant George E. Gooley

Kenneth P. Altshuler, Esq., Childs Rundlett & Altshuler, Portland, for cross-appellant Danielle L. Fradette

Portland District Court docket number FM-2015-955
For Clerk Reference Only

---

court did not violate a party's due process rights by imposing a time limitation on the parties after it made clear "to all parties throughout the hearing that the time available was limited, . . . interjected at several points to remind all parties of the need to focus their presentations," and equally split the two-day hearing between the parties). Further, the remaining factual findings that Gooley challenges are all supported by competent evidence in the record. *See Boyd v. Manter*, 2018 ME 25, ¶ 5, 179 A.3d 906; *Ehret v. Ehret*, 2016 ME 43, ¶ 9, 135 A.3d 101. With respect to the court's other findings and conclusions regarding children's best interests, the court "articulated the specific best interest factors that were important to this case . . . and made findings as to each that are supported by substantial record evidence." *Riemann v. Toland*, 2022 ME 13, ¶ 18, 269 A.3d 229. Finally, we conclude that the court did not err by denying Gooley's motion for contempt of the court-ordered schedule of parent-child contact. *See Harshman v. Harshman*, 2019 ME 48, ¶ 8, 206 A.3d 297; *Ames v. Ames*, 2003 ME 60, ¶¶ 22-24, 822 A.2d 1201.